ATLANTIC MARINE, INC. and
Atlantic Dry Dock Corporation,
Petitioners,

v.

OCCUPATIONAL SAFETY AND
HEALTH REVIEW COMMISSION
and John T. Dunlop, Secretary of La-
bor, Respondents.

No. 75–1244
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1975.

Daniel R. Coffman, Jr., Patrick D. Coleman, Jacksonville, Fla., for petitioners.

John T. Dunlop, Secretary of Labor, U. S. Dept. of Labor, Washington, D. C., Beverly R. Worrell, Reg. Sol., U. S. Dept. of Labor, Atlanta, Ga., T. A. Housh, Jr., Counsel for Geg. Litigation, Office of the Solicitor, OSHRC, William S. McLaughlin, Executive · Secretary, OSHRC, Michael H. Levin, Dennis Kade, Washington, D. C., for respondents.

Before BROWN, Chief Judge, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

After an inspection by an OSHA Compliance Officer on November 23, 1971, petitioners Atlantic Marine, Inc. and Atlantic Dry Dock Corp. were cited for failure to have certain required safety equipment and given 23 days within which to abate the violation. A fine of less than $200.00 was also imposed. Petitioners initially contested the citation, but after negotiations with OSHA they

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

withdrew their Notice of Contest. An order granting their Motion for Withdrawal of Contest was entered on July 18, 1972.

Upon reinspection on September 28, 1972, petitioners were found not to have installed the required safety equipment, and the Secretary issued a Notification of Failure to Correct Violation and of Proposed Additional Penalty of $15,-964.00. Petitioners gave the Secretary a Notice of Contest *after* the 15-day deadline imposed by 29 U.S.C.A. § 659(b).[1] The Secretary filed the Notice of Contest with OSHRECOM[2] but simultaneously filed a Motion to Dismiss. An ALJ of OSHRECOM initially denied the motion, but it was subsequently granted—without a hearing—by a different ALJ based solely on petitioners' late filing. The ALJ was upheld upon discretionary review by OSHRECOM, Chairman Moran dissenting. Atlantic Dry Dock Corp., OSHRC Docket No. 2100 & 2101, 19__–19__ CCH OSHD ¶_____

1. Section 659(b) provides that:

    If, within fifteen working days from the receipt of notification issued by the Secretary, the employer fails to notify the Secretary that he intends to contest the notification or proposed assessment of penalty, the notification and assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency.

2. We continue to use this acronym which was first employed in *Atlas Roofing Co. v. Occupational Safety and Health Review Commission*, 5 Cir., 1975, 518 F.2d 990, 992 and n.1.

3. Petitioners further contend (i) that the reinspection was premature because the initial citation had become a final order of OSHRECOM less than 23 days before the follow-up inspection, and therefore the petitioners were still within the abatement period set by the Secretary, and (ii) that the enforcement scheme and delegation of authority to the Secretary provided for in the Act are unconstitutional. Most of (ii) is foreclosed by *Dan J. Sheehan Co. v. Occupational Health and Safety Review Commission*, 5 Cir., 1975, 520 F.2d 1036 [Oct. 8, 1975, No. 74–2764, at 45]; *Lake Butler Apparel Co. v. Secretary of Labor*, 5 Cir., 1975, 519 F.2d 84; and *Atlas Roofing Co. v. Occupational Health and Safety Review Commission*, 5 Cir., 1975, 518 F.2d 990. But

(ALJ 1973); aff'd 19__–19__ CCH OSHD ¶_____ (RC 1974).

Petitioners admit that they filed their Notice of Contest late, but they assert[3] that the Secretary's deceptive practices and failure to comply with procedures required by the Act, 29 U.S.C.A. § 651 *et seq.*, and by his own regulations caused them to file late. They urge specifically that (i) during negotiation of the settlement concerning the first citation, they were led to believe by the Secretary that the six months it would take for the required safety equipment to be delivered was satisfactory, (ii) the Secretary failed to advise the petitioners of continuing violation immediately after the reinspection, in violation of the Secretary's own regulations, 29 CFR § 1903.-7(e),[4] (iii) the Secretary did not issue the Notification of Failure to Correct and of Proposed Additional Penalty "with reasonable promptness" (it was issued 41 days after the reinspection) as required by 29 U.S.C.A. § 658(a),[5] and (iv) the

in any event, in light of our disposition of the case, we do not reach these further issues.

4. § 1903.7 Conduct of inspections.

    \* \* \* \* \* \*

    (e) At the conclusion of an inspection, the Compliance Safety and Health Officer shall confer with the employer or his representative and informally advise him of any apparent safety or health violations disclosed by the inspection. During such conference, the employer shall be afforded an opportunity to bring to the attention of the Compliance Safety and Health Officer any pertinent information regarding conditions in the workplace.

5. § 658. Citations—Authority to issue; grounds; contents; notice in lieu of citation for de minimis violations

    (a) If, upon inspection or investigation, the Secretary or his authorized representative believes that an employer has violated a requirement of section 654 of this title, of any standard, rule or order promulgated pursuant to section 655 of this title, or of any regulations prescribed pursuant to this chapter, he shall with reasonable promptness issue a citation to the employer. Each citation shall be in writing and shall describe with particularity the nature of the violation, including a reference to the provision of the

Secretary failed to serve the petitioners' counsel of record with the Notification of Failure to Correct Violations and Proposed Additional Penalties, in violation of 29 CFR § 2200.7(b).[6] Petitioners in their brief to the ALJ and OSHRECOM made the contention that the Secretary caused them to file late, but no findings of fact were ever made concerning it.

■ This Circuit has recently held that the Secretary's violation of the Act or his own regulations may void a Citation of Violation if a petitioner can show actual prejudice from such violations. *Accu-Namics, Inc. v. Occupational Safety and Health Review Commission*, 5 Cir., 1975, 515 F.2d 828. In light of this we have to recognize that a powerful argument can be generated that a petitioner should not be denied review altogether of a Citation of Violation for not having filed a Notice of Contest within the 15-day limit prescribed in the Act if the Secretary's deception or failure to follow proper procedures is responsible for the late filing.

■ No inquiry of any kind into the factual basis for this charge was made by evidentiary hearing or otherwise, and no findings of fact regarding petitioners' allegations have ever been made, either by the ALJ in granting the Secretary's Motion to Dismiss the Notice of Contest or by OSHRECOM in upholding the dismissal. The ALJ and OSHRECOM apparently viewed § 659(b) as an impenetrable barrier to further consideration of petitioners' claims without regard to the special circumstances claimed.

Before we undertake to decide such an important issue we should be certain that it is factually founded and not just a theoretical possibility. Consequently we vacate OSHRECOM's order of December 4, 1974, which summarily upheld its ALJ's grant of the Secretary's Motion to Dismiss and remand to OSHRECOM for an evidentiary hearing and findings of fact by OSHRECOM or as directed by it to an ALJ concerning petitioners' allegations[7] of deception and violation of proper procedures by the Secretary.[8]

Vacated and remanded.

---

chapter, standard, rule, regulation, or order alleged to have been violated. In addition, the citation shall fix a reasonable time for the abatement of the violation. The Secretary may prescribe procedures for the issuance of a notice in lieu of a citation with respect to de minimis violations which have no direct or immediate relationship to safety or health.

6. § 2200.7 Service and notice.

       *     *     *     *     *     *

(b) Service upon a party or intervenor who has appeared through a representative shall be made only upon such representative.

7. The statute gives considerable flexibility concerning the conduct of the proceedings on remand. 29 U.S.C.A. § 660(a) and § 661(i). Our remand to OSHRECOM in no way restricts this flexibility. We are concerned only that the factual issues be explored and findings made with appropriate administrative review.

8. Petitioners further contend that the Citation of Violation against them should be dismissed as a result of the Secretary's improprieties. On remand, should the petitioners overcome the time bar of § 659(b), the further administrative hearing should consider the separate issue of whether the Secretary's alleged deception and failure to follow proper procedures constitutes actual prejudice toward petitioners to warrant dismissal of the Notification of Failure to Correct Violation and of Proposed Additional Penalty, based on our decision in *Accu-Namics, Inc. v. Occupational Safety and Health Review Commission, supra.* Obviously we intimate no view on this or the § 659(b) matter.