**J. I. HASS CO., INC., Petitioner,**

v.

**OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION and Ray Marshall, Secretary of Labor, Respondents.**

No. 80–2017.

United States Court of Appeals,
Third Circuit.

Argued March 17, 1981.

Decided May 7, 1981.

Rehearing Denied June 30, 1981.

Richard L. Abramson (argued), Robert S. Peckar, Peckar & Abramson, Hackensack, N. J., for petitioner.

Carin A. Clauss, Sol. of Labor, Benjamin W. Mintz, Associate Sol. for Occupational Safety & Health, Allen H. Feldman, Counsel for Appellate Litigation, Washington, D. C., Francis V. LaRuffa, Regional Sol., New York City, Laura V. Fargas, Atty. (argued), U. S. Dept. of Labor, Washington, D. C., for respondents.

Before SEITZ, Chief Judge, and VAN DUSEN and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Senior Circuit Judge.

Petitioner J. I. Hass Co., Inc. ("Hass") seeks review of an Occupational Safety and Health Review Commission ("Commission") order.[1] This order determined that because Hass had not filed a timely notice of contest, the Commission could not review the citations and penalties imposed on Hass pursuant to the Occupational Safety and Health Act of 1970[2] ("Act"). We disagree. The Commission's order will be set aside and the case remanded to the Commission for proceedings consistent with this opinion.

## FACTS

On September 5, 1979, the respondent Secretary of Labor ("Secretary"), acting through the Occupational Safety and Health Administration ("OSHA"), issued two citations and notifications of penalty to

---

1. The order petitioner contests was initially issued as a ruling by an administrative law judge ("ALJ"). Report of ALJ Sommer, April 18, 1980, 79a. This ruling became a final order of the Commission pursuant to section 12(j) of the Occupational Safety and Health Act of 1970, 29 U.S.C.A. § 661(i) (Supp.1980). This court has jurisdiction under section 11(a) of the Act, 29 U.S.C. § 660(a) (1976), which provides that "... any United States court of appeals for the circuit ... where the employer has its principal office .... shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to grant such temporary relief or restraining order as it deems just and proper, and to make and enter upon the pleadings, testimony, and proceedings set forth in such record a decree affirming, modifying, or setting aside in whole or in part, the order of the Commission and enforcing the same to the extent that such order is affirmed or modified."

2. P.L. No. 91–596, 29 U.S.C. §§ 651–78, as amended.

Hass. They alleged one willful and two serious violations of the Act, with proposed penalties totaling $8,320. OSHA sent these citations to Hass on September 5 by certified mail, and an employee of Hass signed for and received them on September 6. Hass, however, contends that none of its officers or management personnel ever received the citations.[3]

On October 16, 1979, OSHA sent a letter to Hass advising it that since it had not contested the citations within 15 working days of receipt, they had become final and unreviewable orders of the Commission. The letter demanded prompt payment of the penalties. On October 19, 1979, Hass wrote to OSHA saying that it had first learned of the citations from the October 16 letter and thus had not received proper notice of them. On October 26, 1979, OSHA responded by referring to the registered mail return receipt dated September 6, 1979, which the employee had signed.

On November 6, 1979, Hass requested that the Commission permit the company to file a late notice of contest because none of the company's officers had learned of the citations until after the 15 working days for

filing a notice of contest had elapsed. The Commission and the Secretary treated this request as a motion to extend the notice of contest period. On April 18, 1980, the ALJ denied Hass' motion and concluded that the citations were a final order of the Commission. Hass then unsuccessfully petitioned the Commission for discretionary review.[4] The Commission, however, did grant in part an application for stay of the Commission's order pending court review. Hass then petitioned this court for review, contending that the Commission had the power under Federal Rule of Civil Procedure 60(b)[5] to consider a notice of contest which was untimely due to excusable neglect.

## DISCUSSION

The question before us is whether the Commission has jurisdiction to consider a late notice of contest under Fed.R.Civ.P. 60(b). We must consider two issues. First, does rule 60(b) apply to any Commission proceedings. Second, does section 10(a) of the Act, 29 U.S.C. § 659(a) (1976), prevent rule 60(b) from applying to late notices of contest.

---

3. No testimony was taken by the ALJ and only one affidavit describing the delivery of the letter containing the citations and notices appears in the appendix. This affidavit includes the following language:

"9. On September 6, 1979, an apprentice painter was sent to the post office to pick up the company's mail, as was our practice. The return receipt for the citation and notification of penalty was not checked by the Department of Labor for restricted delivery and therefore enabled the post office officials to accept the signature of our messenger on same. Apparently, our apprentice did accept that envelope and sign for it. However, that event was the last contact this company had with that envelope.

"10. The envelope containing the citations was never delivered to the office of the corporation. No officer or employee of the corporation ever became aware of the existence of the citation and notice of penalties until the corporation received a letter from Area Director Nicholas A. Di Archangel on October 16, 1979 (See Exhibit 'B'), advising us of our 'default'....

"11. An immediate telephone inquiry by our Controller was made to Mr. D'Archangel's office to learn what the meaning of the

Area Director's letter was. As soon as we found out what had apparently transpired, we sent immediate written protests on October 19th and November 6, 1979....

"12. The J. I. Hass Co. requests an extension of time to contest the violations and penalties assessed against it by the Secretary of Labor...."
38a–39a.

4. The Commission notified Hass by letter of May 20, 1980, that the report of the ALJ "became a final order of the Commission on May 19, 1980" (86a). Under section 12(j) of the Act, 29 U.S.C. § 661(i), the ALJ's report became a final order of the Commission when no Commission member directed review within 30 days.

5. Section 12(g) of the Act, 29 U.S.C. § 661(f) (1976), provides in part:

"The Commission is authorized to make such rules as are necessary for the orderly transaction of its proceedings. Unless the Commission has adopted a different rule, its proceedings shall be in accordance with the Federal Rules of Civil Procedure."
*See also* 29 C.F.R. § 2200.2(b) (1980).

A. Applicability of Rule 60(b) to Commission Proceedings

Rule 60(b)[6] states in part:

"(b) MISTAKES; INADVERTENCE; EXCUSABLE NEGLECT; NEWLY DISCOVERED EVIDENCE; FRAUD, ETC. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or *excusable neglect*; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken...."

(Emphasis added.) The Secretary believes that rule 60(b) does not permit relief from any Commission orders. He relies on *Brennan v. Occupational Safety and Health Review Com'n*, 502 F.2d 30, 33 (5th Cir. 1974), which held that rule 60(b) does not permit the Commission to reconsider its final orders after the time limit in section 12(j), 29 U.S.C. § 661(i) (Supp.1980), expires. Section 12(j) provides that an ALJ's report becomes "the final order of the Commission within thirty days," unless a Commission member directs review. In *Brennan*, the Commission reconsidered a hearing examiner's[7] decision after the 30 days had passed, relying on rule 60(b). The court set aside the Commission's order, holding that the Commission had no jurisdiction to reconsider the examiner's report after the report became the final order of the Commission.

We also note that the United States Court of Appeals for the Fifth Circuit later ordered the Commission to consider granting relief from a final order in *Atlantic Marine, Inc. v. Occupational S. & H. R. Com'n*, 524 F.2d 476 (5th Cir. 1975). The court there ordered the Commission to determine whether its deception caused the late filing of a notice of contest. The court apparently did not view *Brennan* as an absolute bar to reconsidering a final order.

■ In any event, we consider *Brennan* inapplicable to this record and are persuaded to follow *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir. 1980), which held that rule 60(b) applies to Commission proceedings and does permit the Commission to reconsider its final orders. The Secretary claims that *Monroe & Sons* is distinguishable since it involved a Commission proceeding and here there was no such proceeding. Thus, he argues, rule 60(b) does not apply. His attorney contended during oral argument that since the notice of contest was not timely filed, the Commission never had jurisdiction in the first place. We disagree. Section 10(a) of the Act, 29 U.S.C. § 659(a) (1976), states that uncontested citations become final orders of the Commission. Thus, the Commission must have had jurisdiction at some point. If it never had jurisdiction, the citations would be final orders of a Commission which never had jurisdiction, and thus would have no effect. We doubt that the Secretary is contending that the citations are invalid and unenforceable.

■ The Secretary also argues that Fed. R.Civ.P. 82 excludes rule 60(b) from the Act. Rule 82 states in part:

**6.** Section 12(g) of the Act states that the federal rules govern Commission proceedings. *See* note 5 *supra.*

**7.** The 1970 Act referred to hearing examiners, and thus *Brennan* dealt with a hearing examiner's report. The amended Act uses the term "administrative law judge." 29 U.S.C.A. § 661(i) (Supp.1980).

"Jurisdiction and Venue Unaffected. These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein."

Rule 82 says only that the rules shall not extend the jurisdiction of the district courts. If rule 82 is not read literally, but rather the rule is applied to the jurisdiction of the Commission, we would still hold that it does not exclude rule 60(b)'s application to proceedings under the Act. Rule 82 does not bar the district courts from using rule 60(b),[8] and thus it should not bar the Commission from using rule 60(b). Also, we do not agree with the Secretary that rule 60(b) is only valid to the extent that it codifies the district courts' common law power to reconsider final orders.

For the reasons stated in this part A, we conclude that the Commission has jurisdiction to reconsider its orders under rule 60(b).

B. Section 10(a) and Rule 60(b)

■ The Secretary argues that, even if rule 60(b) applies generally to Commission proceedings, section 10(a) of the Act,[9] 29 U.S.C. § 659(a) (1976), prevents rule 60(b) from applying to late notices of contest because section 10(a) and rule 60(b) conflict.[10] Section 10(a) provides that if a citation or proposed penalty is not contested within 15 days of receipt, the citation and penalty become "a final order of the Commission and not subject to review by any court or agency." Our task is to reconcile this conflict by reading the statute to reach the result Congress would most likely have intended.

The Secretary contends that the final clause of section 10(a) is jurisdictional and must be read literally to prohibit review of citations if an employer files no timely notice of contest.[11] Under this interpretation of section 10(a), once any employee of the employer signs the certified receipt for the citations, no circumstances would permit a late notice of contest. Thus, if an employee signed for citations and then was killed while returning from the post office, and the letter destroyed, an employer with a meritorious defense could still get no relief if 15 working days elapsed before he learned of the citations. We do not believe Congress intended such a harsh result.[12]

---

**8.** If the Secretary's analysis were correct, then district courts would always have to determine whether they had the inherent common law power to reconsider orders before applying rule 60(b). Such a result would severely limit the usefulness of rule 60(b), and no decision that we are aware of has even suggested such an analysis.

**9.** Section 10(a) provides:

"(a) If, after an inspection or investigation, the Secretary issues a citation under section 658(a) of this title, he shall, within a reasonable time after the termination of such inspection or investigation, notify the employer by certified mail of the penalty, if any, proposed to be assessed under section 666 of this title and that the employer has fifteen working days within which to notify the Secretary that he wishes to contest the citation or proposed assessment of penalty. If, within fifteen working days from the receipt of the notice issued by the Secretary the employer fails to notify the Secretary that he intends to contest the citation or proposed assessment of penalty, and no notice is filed by any employee or representative of employees under subsection (c) of this section within such time, the citation and the assessment, as pro-

posed, shall be deemed a *final order* of the Commission and *not subject to review by any court or agency.*"
(Emphasis added.) *See also* 29 C.F.R. § 1903.-17 (1980).

**10.** *Monroe & Sons* involved a final order under section 12(j), 29 U.S.C. § 661(i), as did *Brennan.* Thus, neither case considered the effect of the final clause of section 10(a), the words "shall be deemed a final order of the Commission and not subject to review by any court or agency."

**11.** *Atlantic Marine, Inc. v. Occupational S. & H. R. Com'n,* 524 F.2d 476 (5th Cir. 1975), refused to read identical language in section 10(b), 29 U.S.C. § 659(b) (1976), in this manner and remanded to the Commission for it to determine whether the Secretary's deception had caused the late filing. The court actually did not decide whether such deception, even if it in fact occurred, would permit a late filing, but it did vacate the Commission's decision which had refused to permit any late filing.

**12.** The Secretary's attorney also argued orally that such an extreme case is not before this court. This argument misses the point: under the Secretary's construction of section 10(a),

■ In short, we hold that the Commission has jurisdiction to entertain a late notice of contest under rule 60(b). We will set aside the Commission's order and remand so that it may consider the facts surrounding Hass' late filing and determine if such facts satisfy the requirements of rule 60(b).

### C. Legality of Service Under Section 10(a) of the Act

Hass also contends that the Secretary never properly served the citations on the company under the standard in *Buckley & Company, Inc. v. Secretary of Labor*, 507 F.2d 78 (3d Cir. 1975). *Buckley* held that service by certified mail to an employee at a different address than the corporate headquarters was inadequate under the facts of that case.[13]

The second sentence of section 10(a) provides: "If, within fifteen working days from the *receipt* of the notice ... the employer fails to notify the Secretary that he intends to contest the citation or proposed assessment of penalty ..., the citation and the assessment, as proposed, shall be deemed a *final order* of the Commission and not subject to review by any court or agency" (emphasis added). This emphasis upon receipt of the notice by the employer led this court to say in *Buckley*:

"We find the reasoning of the chairman of the Commission more persuasive. In dissent, Chairman Moran emphasized that '[i]t is clear that no official of the corporate respondent with authority to spend corporate funds either (a) to pay the proposed penalty, or (b) to abate the alleged violation, or (c) to contest the enforcement proceedings, received notice of either citation until long after both of them had become default judgments.' We believe that the relevant intent of Congress in enacting § 10(a) was to provide notice to those corporate officials who have the precise authority delineated by Commission Chairman Moran. If we were to interpret § 10(a) otherwise, then we would frustrate one of the principal purposes of the Act—abatement of hazardous conditions. 29 U.S.C. § 651(b)(1).

\* \* \* \* \* \*

"Moreover, while there was evidence that shop superintendent Proia acted as Buckley's representative and participated in the closing conference, this does not justify a conclusion that he had authority to undertake the kind of corporate response the notice provisions of the Act were designed to trigger—contest of the citation or proposed penalty, expenditure of funds to abate the condition giving rise thereto, or payment of the penalty."

507 F.2d at 80–81.

We conclude that the Commission should provide for determination of the relevant facts surrounding receipt of the envelope, see note 3 above, including those facts concerning the status of those employees of Hass who received, directly and indirectly, the content of the citations sent under section 10(a) in this case [14] so that it can make conclusions of law on the possible applicability of *Buckley* to this situation. We note that, unlike the situation in *Buckley*, here

no situation could ever justify a late notice of contest after receipt of the citations by any employee of the employer.

**13.** We find no support in the statute for Hass' argument that restricted delivery by certified mail is required in all cases.

**14.** We consider the following sentences in the ALJ's April 18, 1980, order too general to constitute a finding validly supported by substantial evidence in the record as a whole:

"The certified return receipt established that Respondent's agent received the citations and· notification of proposed penalties on September 6, 1979...."

"... [T]he citations and proposed penalty were sent to the Respondent and received by Mr. Markau, the apprentice painter as the appointed agent of the Respondent. As such, his receipt of the documents was receipt by the Respondent."

79a–80a. See note 3 above.

Since the case is being remanded to the Commission to give the parties an opportunity to present evidence on the circumstances surrounding receipt of the envelope, the administrative authorities will have the opportunity to make appropriate findings of fact and conclusions of law.

OSHA sent the citations to corporate headquarters and addressed them to the corporate president, even though he contends he never received them during the applicable 15-day period.

## CONCLUSION

The order of the Commission will be set aside and the case will be remanded to the Commission so that, after ascertaining the facts concerning the delivery of the notices, it may decide whether "receipt of the notice[s]" occurred and whether Hass may obtain relief under rule 60(b).