SECRETARY OF LABOR,
Petitioner, Appellant,

v.

BARRETTO GRANITE CORPORATION,
et al., Respondents, Appellees.

No. 86–1972.

United States Court of Appeals,
First Circuit.

Submitted April 9, 1987.
Decided Sept. 30, 1987.

George R. Salem, Sol. of Labor, Cynthia L. Attwood, Associate Sol., Washington, D.C., for Occupational Safety and Health.

Joseph M. Woodward, Washington, D.C., for appellate Litigation.

John Shortall, U.S. Dept. of Labor, Washington, D.C., on brief, for petitioner, appellant.

Before CAMPBELL, Chief Judge, COFFIN and SELYA, Circuit Judges.

PER CURIAM.

This petition for review which is before us involves the finality of a citation which was issued to Barretto Granite Corporation by the Secretary of Labor pertaining to repeated violations of the Occupational Safety and Health Act, 29 U.S.C. §§ 651–678. The Occupational Safety and Health Act ("the Act") of 1970 provides that if the Secretary of Labor finds a violation of the Act, of any related standard, rule or order, or of any regulations prescribed pursuant to the Act, then the Secretary shall issue a citation requiring abatement of the violation. 29 U.S.C. § 658(a). If a citation is issued, the Secretary must notify the employer of any proposed assessment of penalty, indicating that the employer has fifteen working days from receipt of the notice of penalty[1] to contest the citation or

---

1. According to both the Act and the regulations, after the Secretary finds a violation and issues a citation, he is required to notify the employer by certified mail of any notice of penalty relating to the violation. It is the employer's receipt of this notice which activates the 15 working day time limit within which the employer must register his contest to the citation and/or the penalty. 29 U.S.C. § 659(a); 29 C.F.R. § 1903.15.

any proposed penalty. 29 U.S.C. § 659(a). If an employer fails to notify the Secretary of his intention to contest either the citation or the penalty within the 15 day period, then the uncontested citation and/or the proposed penalty "shall be deemed a final order of the [Review] Commission,[2] and not subject to review by any court or agency." *Id.* If a timely contestation occurs, the Secretary must advise the Review Commission accordingly. The Review Commission then acquires jurisdiction to adjudicate the matter. 29 U.S.C. § 659(a).

Pursuant to 29 U.S.C. § 657(g)(2), the Secretary has also prescribed "such rules and regulations as [the Secretary] may deem necessary to carry out [his] responsibilities under [the Occupational Safety and Health Act]." One of these regulations is 29 C.F.R. § 1903.17(a), which requires that contestation of a citation or penalty be made in writing to the OSHA area director within 15 working days of the employer's receipt of the notice of proposed penalty.[3] An employer may also request an informal conference with OSHA during the 15 working day period in order to discuss issues raised by the citation. 29 C.F.R. § 1903.19. The regulations clearly state that a conference or request for a conference does not operate as a stay of the 15 working day period for filing a notice of contest.

The issue which we must decide in this appeal is whether Barretto Granite Corporation or its principal ("Barretto") gave an adequate or timely notice of contest with respect to one of two citations for OSHA violations issued by the Secretary.[4] The facts of this case are not in dispute. The record shows that citations and notifications of penalty were issued to Barretto on August 17, 1983, and were received by him the following day. The citations contained a notification that notice of contest must be mailed within 15 working days from their receipt by Barretto. Additionally, the Secretary asserts and Barretto does not dispute that an explanatory booklet was enclosed with the citation materials which outlined the employer's responsibilities with respect to the citations and penalties. Barretto requested an informal conference which took place on September 7, 1983, two days before the 15 working day notice of contest deadline was to expire. At the conference, Barretto disputed the validity of one of the citations. Barretto filed a written notice of contest with the OSHA area director on October 6, 1983, which he commenced by saying: "As requested, we are confirming the discussion at the conference held at your office on September 7, 1983." (The significance of this particular language will be addressed at a later point.) The Secretary moved to dismiss Barretto's notice of contest for untimeliness; this motion was heard and granted by an Administrative Law Judge (ALJ) of the Review Commission, thereby making the citation and penalty a final order. Barretto, who had not responded to the Secretary's motion to dismiss, requested a review of the ALJ's decision by the Review Commission. The Commission granted this request and overturned the ALJ's dismissal of the notice of contest, commenting that Barretto had appeared *pro se* at the informal conference at which time he had orally contested the citations, and that he had confirmed the discussion in writing on October 6, 1983. The Commission concluded that these circumstances dictated that Barretto should not be denied a full hearing on the merits. On remand to the ALJ, the Secretary declined to proceed, claiming that the Review Commission had never obtained jurisdiction over the matter because timely notice of contest had not been filed. The ALJ, following the Commission's lead, allowed the late-filed notice of contest, and vacated the citation based on the Secretary's failure to present evidence.

Subsequently, pursuant to 29 C.F.R. § 92, Chairman Buckley of the Review

---

2. The Occupational Safety and Health Review Commission (OSHRC) is an adjudicatory agency established to resolve disputes arising out of enforcement actions brought by the Secretary of Labor under the Act. *See* 29 U.S.C. § 659(c).

3. The Act itself does not specify the form which notice of contest must take. 29 U.S.C. § 659(a).

4. Two citations were originally issued. One citation was never contested and is therefore not at issue here.

Commission directed review on the issue of whether Barretto had validly contested the Secretary's citation. The Commission again concluded that his contest was valid, this time relying heavily on its concurrently-issued decision in *Pav-Saver Manufacturing Co.*, 1984–85 CCH OSHD ¶ 27,120 (No. 84–733, 1986). The Review Commission surmised that the language of Barretto's written contest indicated that he held a good faith belief that his oral contest during the 15 working day period, followed by a later confirmatory writing, was sufficient to prevent the citation from becoming a final order. The good faith belief, according to the Commission, compelled acceptance of the late-filed notice. For the reasons articulated below, we reject the Review Commission's analysis of this matter and support the Secretary's determination that Barretto failed to file a timely written notice of contest, thereby allowing the citation at issue to become a final order, not subject to review or appeal.

In the recent decision of *Donovan v. A. Amorello & Sons, Inc.*, 761 F.2d 61 (1st Cir.1985), we held that, where the Secretary and the Review Commission differ with respect to the interpretation of a regulation, the interpretation of the Secretary, if reasonable, should be given greater deference. *Id.* at 63. This approach is consistent with the Supreme Court's view in *Udall v. Tallman*, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965), where the Court noted that great deference should be afforded to the statutory construction made by the agency charged with the statute's administration, and is even more appropriate where the agency's construction of an administrative regulation is involved. *Id.* at 16, 85 S.Ct. at 801.

▆▆ In the instant case, it is the interpretation of the Secretary's regulation set forth at 29 C.F.R. § 1903.17, which is at issue. The Secretary's position is that, in accordance with the regulation, timely writ-

ten notice of contest is required to prevent a citation from becoming a final order unless an employer can show that the Secretary's deception or failure to follow proper procedures or other misleading conduct was responsible for the late filing. *See Atlantic Marine, Inc. v. OSAHRC and Dunlop*, 524 F.2d 476 (5th Cir.1975) (per curiam). Conversely, the Review Commission's approach is that an employer's oral contest during the 15 working day period, followed by a late-filed written notice of contest should be sufficient to toll the 15 working day period where the employer reasonably believes he has perfected a valid contest by this course of action. *Pav-Saver Manufacturing Co.*, 1984–85 CCH OSHD ¶ 27,120 (No. 84–733, 1986).

At this juncture, we must consider whether the Secretary's interpretation of 29 C.F.R. § 1903.17(a) was reasonable. We think that it was. Section 1903.17(a) states unequivocally that the notice of contest must be made *in writing* within 15 working days of receipt by the employer of his notice of penalty.[5] Significant reasons exist in support of the requirement of a writing. Failure to contest a citation in a timely fashion results in the citation becoming a final order of the Commission, not subject to review by any court or agency. 29 U.S.C. § 659(a). Timely contest requires the Secretary to notify the Review Commission promptly, 29 U.S.C. § 659(a), a period which has been defined as 15 days under recently amended regulations. 51 Fed. Reg. 32020 (1986) (to be codified at 29 C.F.R. 2200.33). The Secretary must file a complaint within 20 days of the time the notice of contest has been received, and may be subjected to dismissal of the case if an employer can establish that he was prejudiced by a delay in filing the complaint. *See Jensen Construction Co. of Oklahoma, Inc. v. OSHA*, 597 F.2d 246 (10th Cir.1979). Thus, "timely receipt by the Secretary of a writing from an employer is

---

**5.** The regulation reads, in relevant part, as follows:

Any employer to whom a citation or notice of proposed penalty has been issued may ... notify the Area Director in writing that he intends to contest such citation or proposed

penalty before the Review Commission. Such notice of intention to contest shall be postmarked within 15 working days of the receipt by the employer of the notice of proposed penalty. 29 C.F.R. § 1903.17(a).

an effective and accurate method for determining [whether and] when a notice is actually filed and when a notice must be transmitted to the Commission from the Secretary...." *Merritt-Meridian Corporation,* 77 OSAHRC 14/F2, 4 BNA OSHC 2025, 1977 CCH OSHD ¶ 21,477 (No. 76–2467, 1977). Additionally, ensuring employer compliance with the notice of contest deadline fixes the length of time employees may be exposed to a potentially hazardous situation by compelling prompt confrontation and abatement of violative conditions. *Keppel's, Inc.,* 79 OSAHRC 43/A2, 7 BNA OSHC 1442, 1979 CCH OSHD ¶ 23,622 (No. 77–3020, 1979) (Commission's holding requiring a writing except when Secretary acted deceptively or failed to follow proper procedure overruled by Commission in *Pav-Saver, supra* ).

Since the promulgation of § 1903.17(a) in 1971, certain exceptions to the requirement of a written notice of contest have been found when strict adherence to the regulation produced an inequitable result under the particular circumstances of the case. One of these exceptions was expressed in *Atlantic Marine, Inc. v. OSAHRC and Dunlop,* 524 F.2d 476 (5th Cir.1975) (per curiam), where late filing was excused when it was due to the Secretary's deceptive behavior or failure to follow proper procedures. *Id.* at 478. A number of Review Commission decisions effectively expanded the *Atlantic Marine* exception by also excusing the late filing of written notice where the behavior of the Secretary had confused or misled the employer with respect to when or whether written notice was required. *E.g., Elmer Construction Corporation,* 84 OSAHRC 1, 12 BNA OSHC 1002, 1984 CCH OSHD ¶ 27,050 (No. 83–040, 1984) (employer's attorney wishing to contest citation advised by OSHA supervisor that supervisor was unsure when contest period expired; late notice allowed);

*Henry C. Beck Co.,* 80 OSAHRC 50/A2, 8 BNA OSHC 1395, 1980 CCH OSHD ¶ 24,484 (No. 11864, 1980) (at informal conference, employer stated incorrect date as deadline for notice of contest; failure of OSHA area director to correct employer's mistaken impression resulted in allowance of filing of late notice); *Merritt Electric Company,* 81 OSAHRC 75/D4, 9 BNA OSHC 2088, 1981 CCH OSHD ¶ 25,556 (No. 77–3772, 1981) (oral contest during informal conference followed by late written notice of contest allowed where OSHA area director was found to have made confusing remarks to employer about necessity of writing); *B.J. Hughes, Inc.,* 79 OSAHRC 49/E6, 7 BNA OSHC 1471, 1974 CCH OSHD ¶ 23,675 (No. 76–2165, 1979) (late notice effective where Secretary had erroneously computed time period for filing and employer, relying on Secretary, filed within erroneous period); *Keppel's, Inc.,* 79 OS-AHRC 43/A2, 7 BNA OSHC 1442, 1979 CCH OSHD ¶ 23,622 (No. 77–3020, 1979) (failure to present timely written notice of contest not excusable where employer made no oral contest, claimed subjective feeling of "intimidation" responsible for late filing and no behavior of Secretary found culpable); *Wood Products Co.,* 78 OSAHRC 9/B13, 4 BNA OSHC 1688, 1976–77 CCH OSHD ¶ 21,097 (No. 9206, 1976) (oral contest during 15 day period followed by late written notice found acceptable where employer acted promptly after OSHA area director corrected employer's mistaken impression that oral contest was sufficient); *Florida Power & Light Co.,* 77 OSAHRC 45/B9, 5 BNA OSHC 1277, 1977–78 CCH OSHD ¶ 21,715 (No. 76–2177, 1977) (oral contest during 15 day period; due to company emergency, area director stated that notice would be accepted if delivered within two days after deadline);[6] *Seminole Distributors,* 77 OSAHRC 211/D9, 6 BNA OSHC 1194, 1977–78 CCH OSHD

---

**6.** *Keppel's, Inc.* held that notices of contest must be in writing unless they come under the limited *Atlantic Marine* exception of Secretary deception or failure to follow proper procedure. To the extent that *Wood Products* and *Florida Power & Light* held otherwise, *Keppel's* overruled those cases. These cases are not, however, inconsistent, in that they all recognize that under certain circumstances, the Secretary's conduct may warrant equitable tolling of the time limit established by the regulation. The facts of *Keppel's,* that the employer claimed he was "intimidated," would most likely not present an excusable situation even under the standard that misleading or confusing behavior of the Secretary may warrant acceptance of a late-filed notice.

¶ 22,412 (No. 15761, 1977) (despite employer's dilatory behavior, printing error in citation form which omitted 15 working day notice of contest information excused employer's late filing).

The Review Commission's recent decision in *Pav-Saver Manufacturing Co.*, 1984–85 CCH OSHD ¶ 27,120 (No. 84–733, 1986),[7] expands the exception to the rule established by 29 C.F.R. § 1903.17(a) in a way which we conclude is unsound. *Pav-Saver* held that an employer should not be denied

> an opportunity to be heard before the Commission when due to confusion, uncertainty, or misunderstanding the employer fails to file its written notice of contest within the statutory time period, but orally disputes the validity of citations or penalties in a timely manner and in good faith believes by so doing it has perfected a valid contest. *Id.*

By reaching this conclusion, the Review Commission has undercut the need for the employer to establish that the Secretary's behavior contributed to the circumstances surrounding the late filing, a premise which we believe is an important one in carving out equitable exceptions to an explicit and reasonable rule. Additionally, although prior Review Commission decisions progressively expanded the equitable exception originally established by *Atlantic Marine, supra,* these decisions continued to focus on aberrational behavior *by the Secretary* as a basis for finding an exception to a rule *made* by the Secretary. *Pav-Saver* leaves open the possibility that an employer could successfully assert only his subjective belief that oral notice of contest is sufficient in order to exempt himself from a clear and unburdensome responsibility under the Secretary's regulation. We believe that if the Secretary has adequately notified an employer of his obli-

gations after receiving a citation, and has not clearly said or done something which could be construed, at a minimum, as causing confusion or misunderstanding on the part of the employer, then a failure of the employer to comply with the notice of contest requirement can only logically be construed as negligent and undeserving of pardon.

At this juncture, we note that the Commission, though relying on *Pav-Saver* in its decision, also attempted to establish that the Secretary misled Barretto during the informal conference. We find this analysis unconvincing. The Commission found that the language of Barretto's late-filed contest made it "evident that Barretto believed it had contested the citation and proposed penalty at the informal conference and that, based on statements by the area director, it needed only thereafter to prepare a written confirmation of the substance of the informal conference." We do not find Barretto's letter stating "[a]s requested, we are confirming the discussion at the conference held at your office on September 7, 1983," supportive of a conclusion that the area director made statements which misled or confused Barretto as to the requirements under 29 C.F.R. § 1903.17(a). Although one might infer that Barretto himself believed that his actions constituted compliance with the regulation, in our view the employer's subjective belief that he is in compliance cannot qualify as comprising an exception to the rule. If an employer is confused about his obligations with respect to the citation, it is his responsibility to seek clarification.

The Secretary's interpretation of the regulation is reasonable under the circumstances. Barretto has presented no evidence supporting the contention that any aspect of the Secretary's behavior led Bar-

---

7. *Pav-Saver* was preceded by *Con-Lin Construction*, 83 OSAHRC 49 / A 13, 11 BNA OSHC 1757, 1983–84 CCH OSHD ¶ 26,729, (No. 83–372, 1983). *Con-Lin* was an extremely terse decision which held that an employer's timely *oral* contest during an informal conference held within the statutory period was acceptable. We reject *Con-Lin* as being directly contradictory to the explicit requirement of written contest, 29 C.F.R. § 1903.17, and to 29 C.F.R. § 1903.19.

The latter section states that no informal conference or request for same "shall operate as a stay of any 15–working-day period for filing a notice of intention to contest as prescribed in § 1903.17." Furthermore, this decision was unsupported by any factual circumstances which, in the tradition of *Atlantic Marine, supra,* and subsequent cases, might have established equitable reasons for allowing an exception to the plain words of the statute.

retto to believe that written notice of contest during the 15 working day period was not required.

We therefore vacate the decision of the Review Commission, and remand with directions to reinstate the citations and to dismiss Barretto's notice of contest as untimely filed.

*So ordered.*