**Elaine M. CHAO, Secretary of Labor, Petitioner,**

v.

**RUSSELL P. LE FROIS BUILDER, INC.; Occupational Safety and Health Review Commission, Respondents.**

Docket No. 00–4057.

United States Court of Appeals, Second Circuit.

Argued Feb. 1, 2001.

Decided May 10, 2002.

Ronald J. Gottlieb, Office of the Solicitor, United States Department of Labor (Henry L. Solano, Solicitor of Labor, Joseph M. Woodward, and Ann Rosenthal, of counsel), Washington, DC, for Petitioner.

Arthur G. Sapper, McDermott, Will & Emery, Washington, DC, for Amici Curiae The National Federation of Independent Business and The Kitchen Cabinet Manufacturers Association.

Before: STRAUB, POOLER, and SACK, Circuit Judges.

SACK, Circuit Judge.

Title 29 U.S.C. § 661(g), a part of the Occupational Health and Safety Act of 1970, 29 U.S.C. §§ 651–78 (the "OSH Act" or the "Act"), provides that the Occupational Safety and Health Review Commission (the "Commission" or the "OSHRC") shall, in the absence of a contrary rule adopted by the Commission, hold its proceedings "in accordance with the Federal Rules of Civil Procedure," *id.* § 661(g). This appeal requires us to decide whether the Commission may, by dint of this subsection, exercise jurisdiction to excuse an employer's failure to file a timely notice of contest in response to a citation by the Occupational Safety and Health Agency ("OSHA") based on the Commission's finding that the failure was caused by the employer's "inadvertence" or "excusable neglect." Fed.R.Civ.P. 60(b)(1). We hold that it may not.

## BACKGROUND

### I. Statutory Background

#### A. *Relevant Provisions*

Congress enacted the OSH Act "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions." 29 U.S.C. § 651(b). It assigned responsibility for implementing the Act to two administrative actors: the Secretary of Labor (the "Secretary")[1] and the Commission. *See Martin v. OSHRC*, 499 U.S. 144, 147–48, 111 S.Ct. 1171, 113 L.Ed.2d 117 (1991). The Act vests the Secretary with rulemaking powers and charges him or her to "set[ ] and enforc[e] workplace health and safety standards." *Id.* at 147, 111 S.Ct. 1171. The Secretary exercises power largely through OSHA, *see id.* at 147 n. 1, 111 S.Ct. 1171, which enforces the Secretary's standards by, *inter alia,* issuing citations and proposing penalties against employers whom it finds to be in violation of them. *See* 29 U.S.C. §§ 658, 659. The Commission, by contrast, bears responsibility for "adjudicatory functions" under the Act. *Id.* § 651(b)(3). It provides a forum in which employers may contest the merits of OSHA citations and proposed penalties. *See Martin,* 499 U.S. at 148,

---

1. Under Fed. R.App. P. 43(c)(2), "[w]hen a public officer who is a party to an appeal ... in an official capacity ... ceases to hold an office ... [t]he public officer's successor is automatically substituted as a party." Thus, Elaine M. Chao is substituted for previous Secretary of Labor Alexis M. Herman as a party to this appeal.

111 S.Ct. 1171.[2]

If an OSHA inspection or investigation reveals that, in OSHA's view, an employer has violated the OSH Act or an OSHA rule or regulation, OSHA must issue a citation to the employer describing the violation and fixing a reasonable time for its abatement. *See* 29 U.S.C. § 658(a). Section 10(a) of the Act[3] requires OSHA to "notify the employer by certified mail of the penalty, if any, proposed to be assessed" with respect to the alleged violation. 29 U.S.C. § 659(a). An employer may contest a citation or proposed penalty by filing a notice of contest with the Secretary within fifteen working days after receiving notice of the citation.[4] *See id.*

Provided an employer files a timely notice of contest, the Secretary will forward it to the Commission. The Commission must then "afford [the employer] an opportunity for a hearing ... [and] thereafter issue an order, based on findings of fact, affirming, modifying, or vacating the Secretary's citation or proposed penalty, or directing other appropriate relief." 29 U.S.C. § 659(c).[5] If a cited employer *fails* to file a timely notice of contest, however, the Secretary's citation and proposed penalty "shall be deemed a final order of the Commission and not subject to review by any court or agency." *Id.* § 659(a).[6]

The OSH Act authorizes the Commission "to make such rules as are necessary for the orderly transaction of its proceedings." *Id.* § 661(g). But "[u]nless the Commission has adopted a different rule, its proceedings shall be in accordance with the Federal Rules of Civil Procedure." *Id.* Both the Secretary and the employer may

2. Under most regulatory schemes, rulemaking, enforcement, and adjudicative powers are combined in a single administrative authority. Under the OSH Act, however, Congress separated enforcement and rulemaking powers from adjudicative powers, assigning these respective functions to two *different* administrative authorities. The purpose of this "split enforcement" structure was to achieve a greater separation of functions than exists within the traditional "unitary" agency, which under the Administrative Procedure Act ... generally must divide enforcement and adjudication between separate personnel....
*Martin*, 499 U.S. at 151, 111 S.Ct. 1171 (internal citations omitted; emphasis in original).

3. Section 10 of the Act has been codified as 29 U.S.C. § 659. We refer to it, as do the parties, as "Section 10" in the text, but cite to it as 29 U.S.C. § 659.

4. While the Commission's jurisdiction "can be triggered in only one of three ways after an employer has been served with a citation or notification of a penalty" for a violation of the OSH Act, *Donovan v. OSHRC*, 713 F.2d 918, 930 (2d Cir.1983); *see* 29 U.S.C. § 659(c), we are concerned here with only one of these "triggers": the filing of a notice of contest under § 10(a) of the Act.

5. An administrative law judge ("ALJ") appointed by the Commission holds the initial hearing. 29 U.S.C. § 661(j). Within thirty days of the ALJ's decision, the Commission may, at its discretion, review that decision; if it does not, the ALJ's decision becomes a final order of the Commission. *See id.*

6. Section 10(a) of the Act provides in pertinent part:

If, within fifteen working days from the receipt of the notice issued by the Secretary the employer fails to notify the Secretary that he intends to contest the citation or proposed assessment of penalty, and no notice is filed by any employee or representative of employees under subsection (c) of this section within such time, the citation and the assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency.
29 U.S.C. § 659(a).
Section 10(b) contains an identical finality provision regarding notices issued by the Secretary alleging that an employer has failed to correct a violation within the abatement period set forth in a prior citation. *See* 29 U.S.C. § 659(b).

seek judicial review of an adverse final order of the Commission in a federal court of appeals. *See id.* § 660(a), (b). But "unless otherwise ordered by the court," judicial "review" of orders that are deemed final under § 10(a), *i.e.,* because of the employer's failure to contest the citation within fifteen working days, consists of no more than the entry of "a decree enforcing the order." *Id.* § 660(b).

## B. Interpretations of the Commission's Jurisdiction

■ The Commission "is no more than a creature of Congress," *Brennan v. OSHRC (S.J. Otinger, Jr., Constr.Co.),* 502 F.2d 30, 32 (5th Cir.1974), and its jurisdiction and substantive powers therefore derive only from an affirmative congressional grant of authority. The Commission and the Secretary identify three textual bases in the Act for Commission jurisdiction, but disagree on which are valid.

First, both the Commission and the Secretary agree that, provided the Secretary advises the Commission of an employer's notice of contest, and the notice unequivocally satisfies the fifteen-working-day deadline, the Commission has jurisdiction under § 10. *See* 29 U.S.C. § 659(c). None of the parties contend that jurisdiction exists on this ground here.

■ Second, both the Commission and the Secretary assert that the Commission may interpret the fifteen-working-day deadline as the functional equivalent of a statute of limitations. If that is correct, then the Commission may have the authority to equitably toll the limitations period under certain circumstances. "Equitable tolling is a doctrine that permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Warren v. Garvin,* 219 F.3d 111, 113 (2d Cir. 2000); *see, e.g., Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112

L.Ed.2d 435 (1990) (equitable tolling appropriate "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, [or] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass"); *Johnson v. Nyack Hosp.,* 86 F.3d 8, 12 (2d Cir.1996) (equitable tolling appropriate where a party is "prevented in some extraordinary way from exercising his rights") (citation and internal quotation marks omitted). The Commission might, for example, decide to toll the fifteen-working-day period where extenuating circumstances prevented an employer's timely delivery of a notice of contest. This equitable power, if it exists, derives from the Commission's authority to interpret and apply § 10, the statutory provision that confers jurisdiction upon it. Some courts have upheld the application of the doctrine of equitable tolling by the Commission. *See, e.g., Atl. Marine, Inc. v. OSHRC,* 524 F.2d 476, 478 (5th Cir.1975) (per curiam) (noting that equitable tolling is permitted where the Secretary violates his or her own regulations and the employer suffers "actual prejudice" as a result). Because equitable tolling "do[es] not extend to what is at best a garden variety claim of excusable neglect," *Irwin,* 498 U.S. at 96, 111 S.Ct. 453, which, as we shall see, is the case here, even if the Commission has power to equitably toll the fifteen-working-day period, it could not do so in order to hear Le Frois's case.

Finally, the Commission alone contends that it can also exercise jurisdiction under 29 U.S.C. § 661(g), which provides that except where the Commission has adopted a different rule, its "proceedings shall be in accordance with the Federal Rules of Civil Procedure," *id.* The Commission interprets § 661(g) to authorize it to excuse an employer's untimely filing under some

circumstances because Rule 60(b) of the Federal Rules of Civil Procedure allows the adjudicator to excuse a party "from a final judgment, order, or proceeding for [*inter alia*] ... mistake, inadvertence, surprise, or excusable neglect." Fed. R.Civ.P. 60(b)(1). Jurisdiction predicated on Rule 60(b), if it exists, would supplement the preceding two theories because § 10(a) does not, by its terms, authorize the Commission to exercise jurisdiction over inadvertently late filings that are barred by the fifteen-working-day deadline and not amenable to equitable tolling. *See Irwin*, 498 U.S. at 96, 111 S.Ct. 453. Rule 60(b), by contrast, vests the adjudicator with discretion to exercise jurisdiction under these circumstances.

In this case the sole issue is whether the Commission may consider a late-filed notice of contest where it finds that the employer's tardiness was caused by "inadvertence ... or excusable delay," as it held in the present case. *Russell B. Le Frois Builder, Inc.*, OSHRC Docket No. 98–1099, 1999 WL 820637, 1999 OSAHRC LEXIS 87 (Sept. 30, 1999). The answer would be "yes" under Fed.R.Civ.P. 60(b), but "no" under either of the first two theories of jurisdiction. *See Irwin*, 498 U.S. at 96, 111 S.Ct. 453 (noting that equitable tolling "do[es] not extend to ... excusable neglect"); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (distinguishing jurisdictional requirements from statutes of limitation, which are subject "to waiver, estoppel, and equitable tolling"). A decision in this case, then, requires only a determination whether the Commission has jurisdiction under Fed.R.Civ.P. 60(b).

## C. Changing Interpretations of the Commission's Jurisdiction

The Commission and the Secretary's views on this issue have changed over time. Beginning in 1974, the Commission took the position that it lacked "subject matter jurisdiction" under § 10(a) to consider late-filed notices of contest under any circumstances, including in response to motions for relief from final judgment brought under Fed.R.Civ.P. 60(b). *See Sec'y v. Plessy Burton, Inc.*, OSHRC Docket No. 946, 12 OSAHRC 577, 1974 WL 4459, at *4, 1974 OSAHRC LEXIS 145, at *13 (Oct. 18, 1974). But the Third Circuit rejected this interpretation of the Act in *J.I. Hass Co. v. OSHRC*, 648 F.2d 190, 195 (3d Cir.1981), wherein it held that the Commission could apply Rule 60(b) to excuse some inadvertent late filings. The Commission thereafter overruled *Plessey Burton, Inc.* and adopted the holding of *Hass. See Sec'y v. Branciforte Builders Inc.*, OSHRC Docket No. 80–1920, 1981 WL 18814, at *4, 1981 OSAHRC LEXIS 138, at *13–*14 (July 13, 1981). The Commission has maintained this position ever since. *See, e.g., Sec'y v. Northwest Conduit Corp.*, OSHRC Docket No. 97–851, 1999 WL 820636, 1999 OSAHRC LEXIS 86 (Sept. 30, 1999).

Although the Secretary has consistently opposed the Commission's asserted authority to grant relief under Rule 60(b) from orders deemed final by operation of § 10(a) of the OSH Act, its position on the Commission's equitable authority to toll the fifteen-day period has changed. For several years, the Secretary maintained that the Commission lacked all jurisdiction over late-filed notices of contest and therefore could not grant relief under Fed. R.Civ.P. 60(b), as a matter of equity, or otherwise. *See, e.g., Sec'y v. Jackson Assocs. of Nassau*, OSHRC Docket No. 91–0438, 1993 WL 230102, at *2, 1993 OSAHRC LEXIS 88, at *7 (June 18, 1993). More recently, including in the present case, the Secretary has agreed with the Commission that the fifteen-working-day deadline established by § 10(a) should be

construed as a statute of limitations, which the Commission may equitably toll at times. The Secretary continues to contend, however, that the Commission may not apply Fed.R.Civ.P. 60(b) to reopen a citation that has been deemed final under § 10(a) merely because of inadvertence or excusable neglect. *See, e.g., Sec'y v. Calhar Constr., Inc.,* OSHRC Docket No. 98–0367, 2000 OSAHRC LEXIS 28, at *5 n. 3 (Apr. 27, 2000); Appellant's Br. at 12–14, 18–19.

## II. Factual Background.

In May 1998, OSHA issued five citations to Russell P. Le Frois Builder, Inc. ("Le Frois") for "serious" violations of workplace safety-regulations that it discovered during an inspection conducted two months earlier. OSHA sent notice of the citations to Le Frois by certified mail proposing a total of $11,265 in penalties.

A Le Frois secretary retrieved the notice from the post office but subsequently misplaced it. Apparently it slipped behind a seat in her automobile. She did not discover the notice until July 6, 1998, well after the fifteen-working-day deadline for Le Frois to file a notice of contest. Nonetheless, Le Frois promptly contacted the Commission and filed its notice of contest on July 8. OSHA forwarded the notice to the Commission and moved before the ALJ assigned to the matter to dismiss the notice as untimely.

The ALJ applied Rule 60(b) but denied relief on the ground that Le Frois had failed to show excusable neglect. The Commission reversed. *See Russell P. Le Frois Builder, Inc.,* OSHRC Docket No. 98–1099, 1999 WL 820637, 1999 OSAHRC LEXIS 87 (OSHRC Sept. 30, 1999). It first observed that "[u]nder the Commis-

sion's long-standing precedent, relief may be granted in appropriate circumstances under Fed.R.Civ.P. 60(b)." *Id.,* 1999 WL 820637, at *1, 1999 OSAHRC LEXIS 87, at *4. It then concluded that Le Frois had in fact shown "inadvertence or excusable neglect for which relief is appropriate under Rule 60(b)," *id.,* 1999 WL 820637, at *3, 1999 OSAHRC LEXIS 87, at *10, and the Commission therefore remanded the matter to the ALJ for further proceedings.

On remand, the Secretary maintained the position that the Commission lacked jurisdiction to entertain the notice of contest because of the fifteen-working-day deadline in § 10(a). The ALJ nonetheless vacated the citations, and the Commission declined to review the vacatur, making the ALJ's ruling a final, appealable order. *See* 29 U.S.C. § 661(j). The Secretary now petitions for review of the Commission's exercise of jurisdiction under Rule 60(b) to excuse Le Frois's late notice of contest.

## DISCUSSION

### I. Appellate Jurisdiction

■ We address at the outset whether this matter presents an Article III case or controversy over which we have appellate jurisdiction. The Secretary, appearing by the Solicitor of the Department of Labor, brought and perfected this appeal. Apparently because of the relatively modest sum at stake, however, Le Frois refrained from employing counsel to represent it on appeal. It submitted only a letter from a lay company-official asking us to affirm "based upon the decision rendered and the evidentiary record below."[7] Consistent with its agency practice, the Commission also declined to file a brief or make an appear-

---

7. Corporations are, of course, only permitted to appear through counsel. *See, e.g., Pecarsky v. Galaxiworld.com Ltd.,* 249 F.3d 167, 172 (2d Cir.2001). Le Frois's letter thus does not constitute an appearance before this Court.

ance. A brief in support of Le Frois has been submitted, however, by two *amici curiae:* the National Federation of Independent Business and the Kitchen Cabinet Manufacturers Association.

Under these circumstances, we requested letter briefs from the Secretary, the Commission, and *amici* addressing whether Le Frois's absence on appeal divests us of jurisdiction. All of the parties contend that it does not, and upon consideration, we agree. Le Frois's decision not to participate actively affects neither the adverse status of the parties nor the concrete nature of their controversy. Le Frois stands to lose more than $11,000 if we reverse; conversely, the Secretary stands to lose the right to impose that sanction if we affirm. Confronted with similar circumstances, other federal courts of appeals have sustained appellate jurisdiction. *See, e.g., Brennan v. OSHRC (Hanovia Lamp Div., Canred Precision Indus.)*, 502 F.2d 946, 948 (3d Cir.1974); *Brennan v. OSHRC (Bill Echols Trucking Co.)*, 487 F.2d 230, 232 (5th Cir.1973); *see also Casco Indemn. Co. v. R.I. Interlocal Risk Mgt. Trust*, 113 F.3d 2, 3–4 (1st Cir.1997) (considering an appeal where only the appellant filed a brief and collecting cases finding this practice appropriate); *cf.* Fed.R.App. P. 31(c) (providing that the sole sanction for an appellee's failure to file an appellate brief is that "the appellee will not be heard at oral argument except by permission of the court").

## II. Standard of Review

 We uphold an order of an administrative agency such as the Commission unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *New York State Elec. & Gas Corp. v. Sec'y of Labor*, 88 F.3d 98, 104 (2d Cir.1996). Whether the Commission may exercise jurisdiction on the basis of Fed.R.Civ.P. 60(b) is a question of law.

## III. Analysis

### A. Deference to Agency Interpretation

This dispute requires us to resolve a question of statutory interpretation as to which two administrative agents-the Secretary and the Commission-offer competing views. At the outset we must therefore decide (1) to which of these agents' interpretations, if either, we owe deference under *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), or *Skidmore v. Swift & Co.,* 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944); and (2) the nature and extent of that deference.

The Supreme Court recently held in *United States v. Mead Corp.,* 533 U.S. 218, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001), that an agency interpretation "qualifies for *Chevron* deference when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, *and* that the agency interpretation claiming deference was promulgated in the exercise of that authority," *id.* at 226–27, 121 S.Ct. 2164 (emphasis added). Otherwise, the Court noted, the agency's interpretation may merit the more limited deference recognized in *Skidmore. See id.,* 533 U.S. at 234–35, 121 S.Ct. 2164. For purposes of analysis, then, we must first decide to which administrative actor—the Secretary or the Commission—Congress "delegated authority ... to make rules carrying the force of law." *Id.* at 226–27, 121 S.Ct. 2164. Only then can we decide the nature or extent of that deference.

### 1. The Delegation of Authority Under the OSH Act. In *Martin v. OSHRC,* 499 U.S. 144, 152, 157, 111 S.Ct. 1171, 113 L.Ed.2d 117 (1991), the Supreme Court deferred to the Secretary rather than the

Commission as to the meaning of OSH Act regulations. It referred to the Commission as a " 'neutral arbiter,' " *id.* at 152, 111 S.Ct. 1171 (quoting *Cuyahoga Valley Ry. Co. v. United Transp. Union,* 474 U.S. 3, 7, 106 S.Ct. 286, 88 L.Ed.2d 2 (1985) (per curiam)), that "review[s] the Secretary's interpretations [of its regulations] only for consistency with the regulatory language and for reasonableness," *id.* at 154–55, 111 S.Ct. 1171; *see also Donovan v. OSHRC (Mobil Oil Corp.),* 713 F.2d 918, 930 (2d Cir.1983) (noting that "Congress gave the Commission the 'relatively limited role of administrative adjudication,' " and its "agenda" is "tied strictly to § 10 of the Act") (quoting *Gen. Elec. Co. v. OSHRC,* 583 F.2d 61, 63 n. 3 (2d Cir.1978)). The *Martin* Court emphasized that Congress delegated to the Commission only "the type of nonpolicymaking adjudicatory powers typically exercised by a *court* in the agency-review context." *Martin,* 499 U.S. at 154, 111 S.Ct. 1171 (emphasis in original).

Consistent with this allocation of authority, in order to decide where the Secretary's rule-making and enforcement power ends and the Commission's administrative jurisdiction begins, courts generally defer to the Secretary's interpretation of the OSH Act rather the Commission's. *See, e.g., Martin v. Pav–Saver Mfg. Co.,* 933 F.2d 528, 531–32 (7th Cir.1991) (deferring to the Secretary rather than the Commission in a dispute over the Commission's jurisdiction to conduct hearings when an employer's notice of contest is made orally rather than in writing); *Sec'y of Labor v. Barretto Granite Corp.,* 830 F.2d 396, 398–400 (1st Cir.1987) (same); *Donovan,* 713 F.2d at 930 n. 18 (declining to defer to the Commission in determining whether it has jurisdiction to review settlement agreements between cited employers and the Secretary).

■ Because Congress delegated rule-making authority under the OSH Act to the Secretary, we similarly conclude that the Secretary not the Commission, has authority to interpret the statute with respect to the present question, and we should therefore defer to the views of the Secretary rather than the Commission. *See Mead Corp.,* 533 U.S. at 226–27, 121 S.Ct. 2164.

2. *The Appropriate Level of Deference Following* Mead. To determine what level of deference we owe to the Secretary's interpretation of the Act under *Mead Corp.,* we consider whether "the agency interpretation claiming deference was promulgated in the exercise of [the Secretary's rule-making] authority," *id.* at 227, 121 S.Ct. 2164. The Secretary's contention that § 10 of the Act does not confer on the Commission the power to excuse late filing pursuant to the terms of Fed. R.Civ.P. 60(b) has been expressed only as a position in litigation. This is not a case, then, in which we owe deference to "the fruits of notice-and-comment rulemaking or formal adjudication." *Mead Corp.,* 121 S.Ct. at 2173. Nor has the Secretary presented any reason why we should follow the general proposition, stated in *Nations-Bank of N.C., N.A. v. Variable Annuity Life Ins. Co.,* 513 U.S. 251, 115 S.Ct. 810, 130 L.Ed.2d 740 (1995), that we should defer to an official charged with the "the enforcement of ... laws," *id.* at 256–57, 115 S.Ct. 810 (citations and internal quotation marks omitted). Indeed, the Supreme Court has been skeptical of agency positions set forth, as here, only in litigation, without "regulations, rulings or administrative practice." *Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 212, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988).

■ An informal opinion, "which lack[s] the force of law," does not receive full *Chevron* deference. *Christensen v.*

*Harris County,* 529 U.S. 576, 587, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000). Rather, we apply the more limited standard of deference set forth in *Skidmore,* 323 U.S. at 140, 65 S.Ct. 161. *See Mead Corp.,* 533 U.S. at 234–35, 121 S.Ct. 2164; *Christensen,* 529 U.S. at 587, 120 S.Ct. 1655. Applying *Skidmore* deference, an agency opinion is " 'entitled to respect,' ... but only to the extent that [it has] 'the power to persuade.' " *Christensen,* 529 U.S. at 587, 120 S.Ct. 1655 (quoting *Skidmore,* 323 U.S. at 140, 65 S.Ct. 161). *Skidmore* requires consideration of an agency's "thoroughness, ... the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade." *Skidmore,* 323 U.S. at 140, 65 S.Ct. 161; *see also Mead Corp.,* 533 U.S. at 234–35, 121 S.Ct. 2164 (reiterating the *Skidmore* test); Thomas W. Merrill & Kristin E. Hickman, *Chevron's Domain,* 89 Geo. L.J. 833, 836, 855 (2001) (explaining that *Skidmore* compels a "more nuanced, context-sensitive rubric" whereby "courts must assess [agency] interpretation against multiple factors and determine what weight they should be given").

 Applying *Skidmore,* we conclude that in this instance the Secretary's view merits deference. The case law stresses the delicacy and importance of the Secretary's role, contrasting it with the more limited function assigned by Congress to the Commission. *See, e.g., Martin,* 499 U.S. at 153, 111 S.Ct. 1171 (noting that as "the administrative actor in the best position" to develop "historical familiarity and policymaking expertise," the Secretary has ·interpretative authority); *Pav-Saver Mfg. Co.,* 933 F.2d at 531 (noting the Secretary's "multifaceted—and delicate—enforcement responsibilities" during the fifteen working days after issuance of a citation). Institutional competence thus militates in favor of deference to the Sec-

retary's view. Furthermore, Congress made enforcement of the Act "the exclusive prerogative of the Secretary." *Pav Saver Mfg. Co.,* 933 F.2d at 530 (citations omitted); *see also Donovan,* 713 F.2d at 927 ("[P]ublic rights created by the Act are to be protected by the Secretary."). Finally, we have noted that "courts construing statutes enacted specifically to prohibit agency action ought to be especially careful not to allow dubious arguments advanced by the agency to thwart congressional intent expressed with reasonable clarity." *Indep. Ins. Agents of Am., Inc. v. Bd. of Governors of the Fed. Reserve Sys.,* 838 F.2d 627, 632 (2d Cir. 1988). We conclude that this principle is applicable in this case because § 10(a) of the Act expressly mandates that where an employer fails to file a timely notice of contest in response to a citation, "the citation and the assessment *shall* be deemed a final order of the Commission and not subject to review by any court *or agency.*" 29 U.S.C. § 659(a) (emphases added).

*B. The Commission's Power under Rule 60(b)*

 We thus arrive at the principal question presented by this appeal: whether the Commission has jurisdiction under Rule 60(b) to rule on Le Frois's notice of contest. The Secretary, whose views we have concluded merit deference, maintains that the Commission does not have jurisdiction under these circumstances. And we find the Secretary's view to be persuasive. The Commission, and some courts, have relied on § 661(g) to establish jurisdiction over certain inadvertently late filings. *See, e.g., Marshall v. Monroe & Sons, Inc.,* 615 F.2d 1156, 1159 (6th Cir. 1980) (the jurisdiction in question "has a solid foundation in the language of the statute [i.e., § 661(g)]"). But § 661(g) provides for application of the Federal Rules of Civil Procedure only when the

Commission has already commenced "proceedings." Proceedings before the Commission never began here. To use Rule 60(b) to *establish* jurisdiction would be to bootstrap jurisdiction into existence; it is "axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 370, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *cf.* Fed.R.Civ.P. 82 (stating that the Rules "shall not be construed to extend or limit the jurisdiction of the United States district courts"). Rule 60(b) also only applies after a "final judgment, order, or proceeding" occurs. Fed.R.Civ.P. 60(b). None of these predicates are present here.

*Amici* cite *J.I. Hass Co. v. OSHRC,* 648 F.2d 190 (3d Cir.1981), for the contrary proposition that "the Commission has some residual authority over uncontested citations," such that it may, in the exercise of that authority, grant relief under Rule 60(b). Br. of *Amici Curiae* at 15–16. The Third Circuit in *Hass,* on which the Commission has relied heavily in its own proceedings, reasoned that "uncontested citations become final orders of the Commission. Thus, the Commission must have had jurisdiction at some point. If it

never had jurisdiction, the citations would be final orders of a Commission which never had jurisdiction, and thus would have no effect." *Id.* at 193.

We disagree. In our view this interpretation fails to recognize the import of the word "deemed" in the statute. When an employer misses a deadline, the citation does not "become" a final order of the Commission on the basis of which it can grant Rule 60(b) relief; it is "deemed" to be one. A thing that is *deemed* to be something else does not *become* that something else. "Deem" means: "To treat (something) as if (1) it were really something else, or (2) it has qualities that it doesn't have." *Black's Law Dictionary* 425 (7th ed.1999).[8]

For these reasons, we conclude that the Commission may not exercise jurisdiction based on Rule 60(b)(1). Because the Commission lacks jurisdiction, it cannot reach the merits of Le Frois's notice of citation, and our conclusion therefore disposes of this appeal.[9]

### C. Caveat: Section 10(a) as Statute of Limitations

No party to this appeal contends that Le Frois was entitled to equitable tolling, but

---

8. *Black's* gives as an example of proper usage of the term: "[A]lthough the document was not in fact signed until April 21, it explicitly states that it must be deemed to have been signed on April 14." *Id.* at 425.

9. To be sure, as the dissent correctly notes, "an agency may, on its own initiative, reconsider its interim, or even its final decisions." Dissent at 230 (quoting *Dun & Bradstreet Corp. Found. v. United States Postal Serv.,* 946 F.2d 189, 193 (2d Cir.1991)). This rule applies "regardless of whether the applicable statute and agency regulations expressly provide for such review," *Dun & Bradstreet,* 946 F.2d at 193, *but not* where there is "contrary legislative intent or other affirmative evidence," *Bookman v. United States,* 197 Ct.Cl. 108, 453 F.2d 1263, 1265 (Ct.Cl.1972). Here, we think, a contrary legislative intent is mani-

fested by the word "any" in 29 U.S.C. § 659(c): The order deemed final shall "not be subject to review by *any* court or agency," *Id.* (emphasis added), which, in our view, clearly includes the Commission.

Nor do we think that the "review" that the statute prohibits encompasses only "examination of the determination of an inferior tribunal," dissent at 230, and not "reexamination of a tribunal's own decision." Indeed, *Black's Law Dictionary* defines "review" to include "consideration" and "inspection." *Black's Law Dictionary* 1320 (7th ed.1999). The definition quoted by the dissent is under the heading of "Appellate Review." *Id.*

In sum, we do not think that the Commission can "reconsider" that which it is prevented by law from considering in the first place.

the Secretary urges us to recognize the Commission's jurisdiction to apply this doctrine in certain circumstances. We emphasize that our decision today concerns only the Commission's asserted authority under 29 U.S.C. § 661(g) to base jurisdiction on Rule 60(b) of the Federal Rules of Civil Procedure. We hold that the Commission does not have this authority. We do not, however, express any view on the Commission's asserted jurisdiction to employ the doctrine of equitable tolling, leaving the resolution of that issue for a case in which it is properly presented.

## CONCLUSION

For the foregoing reasons, we grant the Secretary's petition for review and reverse the order of the Commission.

POOLER, Circuit Judge, dissenting.

I respectfully dissent. The majority describes the central question on this appeal as "whether the [Occupational Safety and Health Review Commission] has jurisdiction under Rule 60(b)" to reopen an order that has been deemed an order of the Commission by virtue of 29 U.S.C. § 659(a). Op. at 227. Section 659(a) provides in pertinent part:

> If, within fifteen *working* days from the receipt of the notice issued by the Secretary the employer fails to notify the Secretary that he intends to contest the citation or proposed assessment of penalty, ... the citation and the assessment, as proposed, shall be deemed a final order of the Commission and not subject to *review* by any court or agency.

(emphasis added). In contrast, I believe there are two central issues: (1) whether the Commission has the inherent authority to reconsider or reopen its own deemed orders and (2) if so, whether the excusable neglect standard set forth in Rule 60 of the Federal Rules of Civil Procedure should be used to determine if reopening is merited.

"Review" used by itself suggests an examination of the determination of an inferior tribunal. See *Black's Law Dictionary* 1320 (7th ed.1999) (describing as forms of "review," appellate review of the decisions of lower courts or administrative agencies). "Reconsider" and "reopen," on the other hand ordinarily refer to a reexamination of a tribunal's own decision or order. Section 659(a) prohibits review but does not prohibit reconsideration or reopening. The absence of a prohibition is important because we have long recognized "that an agency may, on its own initiative, reconsider its interim or even its final decisions, regardless of whether the applicable statute and agency regulations expressly provide for such review" as long as it does so reasonably promptly and on notice to the prevailing party. *Dun & Bradstreet v. U.S. Postal Serv.*, 946 F.2d 189, 193 (2d Cir.1991). Section 659(a)'s silence on reconsideration or reopening of Commission orders strongly suggests that the Commission has the inherent power to reconsider or reopen its own final orders including its deemed orders.

The majority, however, holds that because the Commission's order is only a "deemed" order, it is not subject to reopening or reconsideration. The premise underlying this holding is that the Commission never acquired jurisdiction over the controversy under 29 U.S.C. § 659(c), which grants the Commission jurisdiction to review citations if the employer files a timely notice of contest. In the majority's opinion, the Commission, never having acquired jurisdiction, cannot reopen its order. In 1981, the Third Circuit decided this jurisdictional question in favor of the Commission, holding that "the Commission must have had jurisdiction at some point [because] [i]f it never had jurisdiction, the

citations would be final orders of a Commission which never had jurisdiction, and thus would have no effect." *J.I.Hass Co., Inc. v. OSHRC*, 648 F.2d 190, 193 (3d Cir.1981). I agree—whether deemed or actual—an order of the Commission must be one that is within its jurisdiction and thus subject to reopening or reconsideration.

The Secretary also argues that even if the Commission has jurisdiction to reopen or reconsider its orders, it erred by reopening based only on a finding of excusable neglect. The Secretary contends that only facts sufficient to demonstrate equitable tolling will justify reopening a deemed order. Because the majority found no jurisdiction, it did not reach this alternative argument. Having concluded that the Commission did have jurisdiction, I also conclude that it properly employed an excusable neglect standard. The Commission conducts its proceedings in accordance with the Federal Rules of Civil Procedure unless it has adopted a different rule. 29 U.S.C. § 661(g). Rule 60(b) of the Federal Rules of Civil Procedure allows a court to grant relief from an order or judgment upon a finding of excusable neglect provided that a motion is made within one year. Thus, the Commission used the appropriate standard.

In sum, although 29 U.S.C. § 661(g) and Rule 60(b) do not give the Commission jurisdiction, the Commission has inherent authority to reconsider or reopen its own deemed orders and Rule 60(b) provides the appropriate standard for acting on an application to reopen. Therefore, I would affirm the Commission's order and must dissent.