ARCO MANAGEMENT
CORP., Petitioner,

v.

Gus BEVONA, President, Local 32B–
32J, et al., Respondents.

No. 01 Civ. 8816(JGK).

United States District Court,
S.D. New York.

Aug. 9, 2002.

James J. Becker, New York City, for petitioner.

Ira A. Sturm, Raab, Sturm & Goldman, LLP, New York City, for respondents.

### OPINION AND ORDER

KOELTL, District Judge.

This is a motion by the petitioner, ARCO Management Corp., to remand the case to the New York State Supreme Court, New York County on the grounds that the Court lacks subject matter jurisdiction over the action pursuant to 29 U.S.C. § 185(a).

### I

There is no dispute as to the following facts. On January 16, 1998, the United States was awarded temporary possession of a residential apartment facility located at 671–695 Gates Avenue and 510–522 Quincy Street, Brooklyn, New York (the "Facility"), by order of the United States District Court for the Eastern District of New York. (Affirmation of James J. Becker, dated Dec. 5, 2001 ("Becker Aff."), Ex. B.) The order appointed the petitioner as temporary receiver of the Facility. (Id.) The petitioner's appointment as receiver was extended on January 29, February 5, and February 13, 1998. (Id., Ex. C.) On November 4, 1998, the petitioner was discharged as receiver and the United States was appointed mortgagee-in-possession of the Facility. (Id., Ex. D.) Thereafter, the petitioner, a New York corporation, continued to manage the Facility as the agent of the United States. (Affidavit of Scott O. Langan, dated Sept. 21, 2001 ("Langan Aff."), ¶¶ 3, 7.)

On or about July 12, 2001, Local 32B–32J, Service Employees International Union (the "Union"), initiated an arbitration proceeding pursuant to the collective bargaining agreement between the Union and the previous owner of the Facility, Enoch Star Restoration Housing Development Fund Co., Inc. (Id., ¶ 2 & Ex. A.) At various stages in the proceeding the Union named the petitioner in various roles, including "agent" and "employer." (Id., Ex. A, E, I.) On September 25, 2001, the petitioner commenced a proceeding (the "State Action") in the New York State Supreme Court, New York County against respondents Gus Bevona, as President of the Union, and the Office of the Contract Arbitrator. Arco Mgt. Corp. v. Bevona, No. 604580/01 (N.Y.Sup.Ct.). In the State Action, the petitioner sought a stay of the arbitration, and sanctions against the Union and its attorneys.

Respondent Bevona subsequently removed the State Action to this Court, asserting that the petitioner's claim arises under Section 301 of the Labor–Management Relations Act ("LMRA"), 29 U.S.C. § 185. The petitioner then filed the present motion to remand the case, arguing that the LMRA is not applicable in this action. Following oral argument on the motion, the Court invited the United States to provide the Court with its views on the interpretation of the LMRA as it applies to this case. The Office of the United States Attorney for the Southern District of New York, Civil Division, referred the Court's request to the National Labor Relations Board (the "NLRB" or "Board"), and the Board filed a memorandum with the Court expressing its views. The parties have submitted responses to the Board's memorandum.

### II

Section 301(a) of the LMRA provides that:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter...may be brought in any district court of the United States having

jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Under § 2(2) of the National Labor Relations Act (the "NLRA"), "[t]he term 'employer' includes any person acting as an agent of an employer, directly or indirectly, but shall not include the United States or any wholly owned Government corporation...." 29 U.S.C. § 152(2).

The petitioner argues that it is not an employer as defined by the NLRA because it was appointed receiver by the authority of the United States District Court, on the application of the United States, and because the petitioner acted as the agent of the United States in managing the Facility. The petitioner claims that these facts compel the Court to conclude that § 2(2)'s exception to the definition of "employer" for the United States also applies to the petitioner, and consequently, § 301(a) does not confer jurisdiction on the Court. The respondent points out that "receivers" are specifically included in the NLRA's definition of "person," as set forth in § 2(1), 29 U.S.C. § 152(1), indicating that Congress intended LMRA § 301 jurisdiction to include receivers. The respondent also argues that the petitioner is an employer under the "right of control" test established by the NLRB in *National Transp. Svc., Inc.*, 240 NLRB 565, 566 (1979).

The NLRB, for its part, submits that "the unambiguous language of [§ ] 2(2) exempts only the 'United States' itself." (NLRB Mem. at 3.) The Board explains that *National Transportation* has been overruled by *Mgt. Training Corp.*, 317 NLRB 1355 (1995), and that those cases both concern the issue of the NLRB's discretionary jurisdiction, not the statutory jurisdiction at issue in this case. According to the Board, "it is insufficient to allege

a connection to the federal government" to gain exemption under NLRA § 2(2). Thus, because the petitioner is neither "the United States" nor another entity enumerated in § 2(2), such as a "wholly owned Government corporation" or a "Federal Reserve Bank," the Court has jurisdiction over this case pursuant to LMRA § 301.

The Court agrees that the petitioner is an employer under NLRA § 2(2). In accord with other courts that have considered the reach of § 2(2)'s exemption for certain government entities, *see, e.g., NLRB v. Young Women's Christian Ass'n of Metropolitan St. Louis*, 192 F.3d 1111, 1117–18 (8th Cir.1999); *Aramark Corp. v. NLRB*, 179 F.3d 872, 878 (10th Cir.1999); *Pikeville United Methodist Hosp. of Kentucky, Inc. v. United Steelworkers of America*, 109 F.3d 1146, 1152 (6th Cir. 1997); *Teledyne Econ. Dev. v. NLRB*, 108 F.3d 56, 59 (4th Cir.1997), the Court finds that the plain language of the statute limits the exemption to the entities enumerated therein. If there were any uncertainty in the interpretation of the statute, which there is not, the Court would accord considerable deference to the NLRB's construction of the statute, since the NLRB is the agency charged with primary responsibility for the administration of the NLRA. *See* 29 U.S.C. § 160(a); *Sure–Tan, Inc. v. NLRB*, 467 U.S. 883, 891–92, 104 S.Ct. 2803, 81 L.Ed.2d 732 (1984); *Aramark*, 179 F.3d at 878 n. 8; *see also United States v. Mead Corp.*, 533 U.S. 218, 227–231, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001); *Chao v. Russell P. Le Frois Builder, Inc.*, 291 F.3d 219, 226–28 (2d Cir.2002).

Since it is clear that the petitioner is not any of the enumerated entities (Langan Aff., ¶ 3), § 2(2) does not deprive this Court of subject matter jurisdiction over

this case. Accordingly, the motion to remand the case is denied.

**SO ORDERED.**