11-4817-pr
Washington v. Hirsch

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of July, two thousand twelve.

PRESENT: JON O. NEWMAN,
RALPH K. WINTER,
REENA RAGGI,
*Circuit Judges.*

------------------------------------------------------------------------

CHARLES E. WASHINGTON,
*Plaintiff-Appellant*,

v.                                              No. 11-4817-pr

CHARLES S. HIRSCH,
*Defendant-Appellee*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:         Charles E. Washington, *pro se*, Fallsburg, New York.

APPEARING FOR APPELLEE:          No appearance.[1]

---

[1] The letter request of the New York City Law Department that its appearance for Charles S. Hirsch be stricken is granted.

1

Appeal from an order of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on October 5, 2011, is AFFIRMED.

Charles Washington appeals pro se from the denial of his motion pursuant to Fed. R. Civ. P. 60(b) for relief from the 1996 dismissal of his 42 U.S.C. § 1983 action challenging his 1995 state murder conviction. We review the denial of such a motion for abuse of discretion, see Motorola Credit Corp. v. Uzan, 561 F.3d 123, 126 (2d Cir. 2009), and where, as here, a plaintiff proceeds pro se, we afford his submissions special solicitude, see Sledge v. Kooi, 564 F.3d 105, 109 (2d Cir. 2009). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We affirm the denial of Washington's Rule 60(b) motion for substantially the reasons stated in the district court's thorough and well reasoned order. See Washington v. Hirsch, No. 95-CV-2167 (JG)(CLP), 2011 WL 4718879 (E.D.N.Y. Oct. 5, 2011). As the district court concluded, Washington has failed to show that the motion, filed more than fifteen years after the challenged dismissal, was filed "within a reasonable time." Fed R. Civ. P. 60(c)(1). Moreover, the district court correctly concluded that Washington has provided no basis for reopening under Rule 60(b), whether under any of the specific grounds provided in Rule 60(b)(1)–(5), or for extraordinary circumstances under Rule 60(b)(6).

2

Washington's motion for "summary judgment" on the ground that Appellee failed to file a brief is denied.  See Chao v. Russell P. Le Frois Builder, Inc., 291 F.3d 219, 226 (2d Cir. 2002) (observing that sole sanction for failure to file appellee brief is inability to be heard at oral argument absent permission of court).

Washington also asks that this Court convert his motion for reconsideration into a habeas corpus petition pursuant to 28 U.S.C. § 2254.  Because a prior habeas corpus petition attacking Washington's conviction has already been filed and denied, see Washington v. Walsh, No. 01-CV-250 (JG), 2002 WL 2003207 (E.D.N.Y. Aug. 1, 2002), appeal dismissed, No. 02-2694 (2d Cir. Feb. 28, 2003), a second habeas corpus petition would require leave to file from this Court, see 28 U.S.C. § 2244(b)(3)(A), and Washington has not met the criteria for such a second petition, see id. § 2244(b)(1)–(2).

The order of the district court is AFFIRMED and Washington's motion for summary judgment is DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

3