Liberty Propane L.P., et al.  v. Feheley

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand thirteen.

PRESENT:
>> RALPH K. WINTER,
>> GUIDO CALABRESI,
>> GERARD E. LYNCH,
>>> *Circuit Judges*.

_____

Liberty Propane L.P., Liberty Propane Operations, LLC,

>> *Plaintiffs-Appellees*,

>> v.

David R. Feheley,

>> *Defendant-Appellant*,

Sun Energy Incorporated, Inisfree Holding, LLC,

>> *Defendants*.

_____

12-3132-cv

FOR APPELLANT:          Charles F. Brower, Torrington, CT.

Appeal from an order of the United States District Court for the Northern District of New York (David N. Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on July 17, 2012 is **VACATED** and the case is **REMANDED** to the district court for further proceedings consistent with this order.

Appellant David Feheley appeals from an order of the district court holding him in civil contempt and sanctioning him for failure to comply with the district court's March 12, 2012 and June 29, 2012 orders. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, a district court holds a party in civil contempt and imposes sanctions for a bad-faith violation of a prior court order, we review the contempt finding "under an abuse of discretion standard that is more rigorous than usual, and we conduct a *de novo* review of any rulings of law made by the district court." See S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 145 (2d Cir. 2010) (internal quotation marks omitted).[*] A party may be held in civil contempt for failure to comply with a court order only if: "(1) the order . . . is clear and unambiguous, (2) the proof of noncompliance is clear

---

[*] The appellees, both corporate entities, are unrepresented on appeal. Because such entities may not appear pro se in this Court, see 28 U.S.C. § 1654; Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305 (2d Cir. 1991), appellees were notified on August 15, 2012 that they would be deemed in default if they failed to retain counsel. Appellees have not retained counsel and are therefore in default. Nonetheless, because the appellees, and not the appellant, have defaulted, the court retains jurisdiction over the appeal, and the usual standard of review applies. See Chao v. Russell P. Le Frois Builder, Inc., 291 F.3d 219, 226 (2d Cir. 2002); Fed. R. App. P. 31(c).

and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004) (internal quotation marks omitted). "A clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed." King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995) (internal quotation marks omitted). "[W]hen a district court's ruling on a contempt motion is challenged on appeal, its interpretation of the terms of the underlying order or judgment is subject to *de novo* review . . . ." Latino Officers Ass'n City of N.Y., Inc. v. City of New York, 558 F.3d 159, 164 (2d Cir. 2009).

The district court order holding Feheley in contempt and imposing sanctions states only that "[t]he defendant has wilfully failed to comply with the Orders dated March 12, 2012, and June 29, 2012." It does not explain how Feheley failed to comply with those orders. At a conference held on September 12, 2012, nearly two months after the contempt order issued, the district court expressed frustration that Feheley had not produced the promissory notes memorializing his alleged debts to Peggy A. Bottge. However, neither of the prior orders had clearly directed Feheley to produce the notes. The first did not mention the debt to Bottge or the promissory notes, or even ask for an accounting of Feheley's debts more generally. The second instructed Feheley to "set forth by affidavits and documents the legal and personal relationship between himself and Bottge as well as the specific reasons the above sum was endorsed over to her," but it did not expressly require Feheley to produce all relevant documents, or the promissory notes specifically.

We cannot say that these orders "[left] no uncertainty in [Fehelely's] mind[]" as to what the court expected him to produce. King. 65 F.3d at 1058. Because the language of

3

the March 2012 and June 2012 orders was not clear and unambiguous, we conclude that the district court exceeded its discretion when it held Feheley in contempt and imposed monetary sanctions.

In so holding, we do not address the district court's authority to impose sanctions for possible discovery abuses, such as answering interrogatories falsely and withholding information clearly relevant to plaintiffs' discovery requests. "A district court has broad power to impose Rule 37(b) sanctions in response to abusive litigation practices," Friends of Animals, Inc. v. U.S. Surgical Corp., 131 F.3d 332, 334 (2d Cir. 1997), but where, as here, sanctions are based on a finding of contempt, they must be based on bad-faith disregard of a "clear and unambiguous" order, S. New England Tel. Co., 624 F.3d at 145 (internal quotation marks omitted).

For the foregoing reasons, the July 17, 2012 order of the district court is **VACATED**, and the case is **REMANDED** to the district court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4