23-1179
Griffin v. Fonda

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-four.

PRESENT:
ROBERT D. SACK
MYRNA PÉREZ,
*Circuit Judges,*
DALE E. HO,
*District Judge.*[*]

_____

CHAZANTINE GRIFFIN,

     *Plaintiff-Appellee,*

     v.                       No. 23-1179

MICHAEL FONDA, DAVID D'ONOFRIO,
CHRISTOPHER GRIFFIN, SHANE PHILLIPS,[†]

     *Defendants-Appellants.*

_____

---

[*] Judge Dale E. Ho, of the United States District Court for the Southern District of New York, sitting by designation.
[†] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

**FOR PLAINTIFF-APPELLEE:**                   JOHN R. WILLIAMS, John R. Williams & Associates, New Haven, CT.

**FOR DEFENDANTS-APPELLANTS:**        HOLLY G. ROGERS, Melick & Porter, LLP, Southbury, CT.

Appeal from an order of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from an order of the district court is **DISMISSED**.

This appeal in this § 1983 excessive-force case follows the district court's denial of summary judgment to Defendants-Appellants, who are police officers claiming qualified immunity. Only under limited circumstances may this Court hear interlocutory appeals where defendants unsuccessfully asserted an immunity defense on summary judgment. Because here, the Defendants-Appellants premise their argument exclusively on their version of the facts, rather than those that the district court "deemed available for jury resolution," we lack jurisdiction. *Salim v. Proulx*, 93 F.3d 86, 90 (2d Cir. 1996). Accordingly, we dismiss this appeal.

## BACKGROUND

Plaintiff-Appellee Chazantine Griffin brought suit in August 2021 alleging that the Defendants had, in the course of arresting him three years earlier, "thr[own]" him "to the ground and beat him severely." Appellants' App'x 9–10. In their motion for summary judgment, the Defendants asserted certain facts with which Griffin concurred. Specifically, the Defendants spotted Griffin while they were out on patrol and approached him. The officers claimed that they were aware that Griffin had outstanding warrants, was a suspect in another crime, sold narcotics, and often carried a firearm. One detective, who is not a defendant in this case, drew his pistol

and grabbed Griffin's right arm before taking him to the ground. Another gained control of Griffin's left arm, which was then pinned underneath Griffin's body. Thereafter, the officers placed Griffin in handcuffs. The officers found a pocketknife and a bag of marijuana on Griffin's person. They additionally recovered a handgun, marijuana, and crack cocaine, from his vehicle. After he was taken to police headquarters, Griffin began to complain about "nonspecific pain to his right pinky finger," but refused medical attention. *See id*. at 44.

In his opposition to the summary-judgment motion, Griffin agreed with these factual statements. However, he denied that, as the officers claimed, he (1) threw a small bag of crack cocaine to the ground prior to their successfully detaining him; (2) tensed his body more "than would be normal for any person subjected to brutality" while they held him; and (3) resisted arrest. *See id*. at 77–79. In addition, Griffin asserted that the Defendants "threw him to the ground and beat him so severely that he suffered serious physical injuries which required medical treatment." *Id*. at 79.

The district court granted summary judgment to Defendant Benjamin Pellegrini after Pellegrini argued he had not arrived on the scene until midway through the arrest and therefore did not have an opportunity to intercede. *See id*. at 31–33, 92. But it denied summary judgment with respect to the other Defendants because it determined "a reasonable jury" might "return a verdict in [Griffin's] favor" if it believed his version of events. *Id*. at 93. In other words, it found that there remains a dispute of material fact concerning the reasonableness of Defendants-Appellants' use of force.

3

The remaining Defendants timely appealed.[3]  We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we recount only as necessary to explain our decision.

## APPELLATE JURISDICTION

Interlocutory orders denying summary judgment are ordinarily not immediately appealable because they do not constitute a "final decision[] of the district court[]."  28 U.S.C. § 1291. Under the collateral-order doctrine, however, "a district court's denial of a claim of qualified immunity" at the summary-judgment stage is appealable "to the extent that it turns on an issue of law."  *Salim*, 93 F.3d at 89 (citation omitted).  That is because in the qualified-immunity context, if the case proceeds to final judgment despite an earlier legal error, "the immunity from standing trial will have been irretrievably lost."  *Plumhoff v. Rickard*, 572 U.S. 765, 772 (2014) (citations omitted).

In this posture, we are obligated to accept a district court's determination that a dispute of material fact is genuine.  *See Bolmer v. Oliveira*, 594 F.3d 134, 140–41 (2d Cir. 2010).  Put another way, Appellants may not ask us to reassess questions of evidence sufficiency—that is, "which facts a party may, or may not, be able to prove at trial."  *Johnson v. Jones*, 515 U.S. 304, 313 (1995).[4]  We may adjudicate whether Appellants are entitled to immunity as a matter of law at this stage only where "the defendant[s] can support an immunity defense on stipulated facts,

---

[3] Griffin did not file a brief in response, but we are not deprived of jurisdiction on that basis.  *See Chao v. Russell P. Le Frois Builder, Inc.*, 291 F.3d 219, 226 (2d Cir. 2002).

[4] An exception for indisputably contradictory evidence in the record does not apply here.  *Cf. Scott v. Harris*, 550 U.S. 372, 378 (2007) (videotape of the events in question contradicting the plaintiff's version of the facts); *Tabbaa v. Chertoff*, 509 F.3d 89, 93 (2d Cir. 2007) (classified intelligence refuting plaintiffs' assertion of what the government officials knew at the time of their conduct).

4

facts accepted for purposes of the appeal, or the plaintiff's version of the facts that the district judge deemed available for jury resolution." *Salim*, 93 F.3d at 90.

Appellants, however, offer us only "their version of contested facts." *Bolmer*, 594 F.3d at 141; *cf. Tierney v. Davidson*, 133 F.3d 189, 194 (2d Cir. 1998) (explaining in a qualified-immunity case that we have appellate jurisdiction upon a denial of summary judgment where the only remaining factual disputes involve facts that are not material); *Lennon v. Miller*, 66 F.3d 416, 422 (2d Cir. 1995) (stating that we may review interlocutory orders in qualified-immunity cases where only legal questions remained). They contend that the district court "impermissibly relied upon Griffin's self-serving, conclusory and unsupported affidavit" to conclude that there remains a genuine dispute regarding Griffin's claimed injuries from the alleged use of excessive force. Appellants' Br. 4. They tell us that Griffin sustained at most a de minimis injury to his little finger, which cannot give rise to a Fourth Amendment claim. *Id*. at 24–52.

But their argument relies upon a misapprehension of our law. When we review a *grant* of summary judgment that constitutes a final decision below, we do not credit "conclusory" facts that the non-moving party proffered in an attempt to defeat summary judgment. *See, e.g.*, *S. Katzman Produce Inc. v. Yadid*, 999 F.3d 867, 877 (2d Cir. 2021); *Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993). But as stated above, here we "lack jurisdiction to compare [the officers'] factual evidence" with Griffin's altogether. *Bolmer*, 594 F.3d at 141.[5]

---

[5] Insofar as the officers raise the qualified-immunity issue on Griffin's "version of the facts"—under which he was "severely" beaten, leading to "serious" injuries, Appellants' App'x 79—a "rational jury could find" that the amount of force used was unreasonable. *See Salim*, 93 F.3d at 90, 92; *Lennon*, 66 F.3d at 426. And in any case, we doubt that any portion of the Appellants' brief can be fairly read to argue this point.

In sum, we conclude Appellants have raised no question on appeal that we may adjudicate at present.

* * *

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we **DISMISS** the appeal from the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court