

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2004

# George Harms Constr v. Secretary Labor

Precedential or Non-Precedential: Precedential

Docket No. 03-2215

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"George Harms Constr v. Secretary Labor" (2004). *2004 Decisions.* Paper 562.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/562

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES
COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2215

GEORGE HARMS
CONSTRUCTION CO., INC.,
a New Jersey Corporation,
                              Petitioner

v.

ELAINE L. CHAO,
SECRETARY OF LABOR,
UNITED STATES
DEPARTMENT OF LABOR and
OCCUPATIONAL SAFETY &
HEALTH REVIEW COMMISSION,
                              Respondents

On Petition for Review of a Final Order
of the Occupational Safety and Health
Review Commission
(OSHRC No. 02-0371)

Argued February 12, 2004

Before: SCIRICA, *Chief Judge*,
ROTH and McKEE, *Circuit Judges*

(Filed: June 9, 2004)

John F. Neary, Esquire (Argued)
101 Eisenhower Parkway, Suite 300
Roseland, New Jersey 07068

Attorney for Petitioner

Ronald J. Gottlieb, Esquire (Argued)
United States Department of Labor
Office of the Solicitor
Suite S-4004
200 Constitution Avenue, N.W.
Washington, D.C. 20210
        Attorney for Respondent,
        Secretary of Labor

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

At issue is whether Petitioner George Harms Construction Company is entitled to relief under the excusable neglect standard of Fed. R. Civ. P. 60(b)(1), after it failed to timely file a notice of contest to Occupational Safety and Health Administration citations and a notice of penalty delivered by certified mail. We will vacate the Occupational Safety and Health Review Commission's final order and remand for a hearing on the merits of the OSHA citations.

**I.**

Congress enacted the Occupational Safety and Health Act to "assure so far as possible" safe working conditions for "every working man and woman in the Nation." 29 U.S.C. § 651(b). The Secretary of Labor is charged with enforcement of the Act. But the Secretary has delegated her enforcement duties to the Assistant Secretary for Occupational Safety and Health, who heads OSHA. Secretary's Order 5-2002, 67 Fed. Reg.

65008 (Oct. 22, 2002). OSHA inspects workplaces for violations. It may issue a citation for a violation, establish a date for abatement, and propose a civil penalty. 29 U.S.C. §§ 658, 659. An employer can contest the citation and proposed penalty before the Occupational Safety and Health Review Commission. 29 U.S.C. § 661. Under section 10(a) of the Act, an employer must file a notice of contest within 15 working days of receipt of the citation or the "the citation and the assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency." 29 U.S.C. § 659(a).

The Commission, an independent adjudicatory body separate from the Department of Labor, acts as a neutral arbiter in proceedings contesting OSHA citations. *Cuyahoga Valley Ry. Co. v. United Transp. Union*, 474 U.S. 3, 7 (1995) (per curiam). Assuming jurisdiction, an Administrative Law Judge of the Commission conducts a hearing and issues a report with his determination of the proceeding. 29 U.S.C. § 661(j). Within thirty days, the Commission may opt to review the ALJ's report. *Id.* If no Commissioner directs review, the ALJ's report becomes the Commission's final decision. *Id.* Judicial review may then be sought. 29 U.S.C. § 660.

## II.

OSHA conducted an inspection of Harms Construction's work site in Clifton, New Jersey from November 29, 2001 to December 11, 2001. OSHA found two infractions.[1] On December 13, 2001, OSHA sent citations to Harms Construction's post office address by certified mail, return receipt requested.[2] Carol Pelsang, the Harms Construction employee responsible for handling mail, signed for receipt of the citations at least by December 31, 2001.[3]

Harms Construction did not file a notice of contest within 15 working days of receipt. On January 22, 2002, the citations became final orders of the Commission by operation of section 10(a)

---

[1] In the citations, OSHA alleges Harms Construction violated 29 C.F.R. § 1926.350(h), by having a broken gauge on an acetylene cylinder. It also alleges Harms Construction violated 29 C.F.R. § 1926.501(b)(1), by not providing a guardrail system, safety net system, or personal fall arrest system on a 10 foot high railroad retaining wall. Both "infractions" were corrected during the course of the OSHA inspections.

[2] According to OSHA, when abatement is not an issue, as is the case here, it would not include a letter addressed to any particular employee with a citation.

[3] The received date stamped on the return receipt card was partially obscured by Pelsang's signature, so the actual day in December on which the citations were received is unknown. They were at least received by the end of December 2001 because "December" and "2001" are legible.

of the Act. 29 U.S.C. § 659(a). On February 28, 2002, more than a month after Harms Construction's notice of contest was due, OSHA issued Harms Construction a delinquency notice. On March 8, 2002, Edward Nyland, Harms Construction's President, telephoned OSHA Assistant Area Director Steve Kaplan, informing him he had no record of the citations but that he wanted an opportunity to contest and possibly settle the matter. Kaplan responded that the return receipt had been signed by an employee at Harms Construction. Kaplan recommended that Harms Construction petition OSHA for settlement. That same day, Nyland mailed a letter to the Commission requesting that Harms Construction be permitted to file a late notice of contest due to "clerical error" and that they try to settle the matter.

Nyland undertook an investigation to determine what transpired with the citations. He interviewed Pelsang, but she told him she had no recollection of the citations because of the passage of time and the volume of mail that she routinely handles. Nyland thoroughly searched his office and inquired whether any of Harms Construction's corporate officers or other employees had seen or were aware of the citations. But Nyland was unable to uncover any information that a Harms Construction employee knew anything about the citations.

Harms Construction's mailing procedure, according to Nyland, was for Pelsang to pick up the mail at the company's post office box. She was required to sign for all certified mail not marked "restricted delivery," place the mail in a mail handling box, and transport the mail back to Harms Construction's headquarters. Then, she would open, stamp, sort, and earmark the mail for delivery. If a letter did not identify the intended recipient, she would determine from prior management instructions who should get the mail. Pelsang had been instructed to deliver OSHA-related mail to Harms Construction's president. If uncertain it was OSHA-related, she was instructed to ask any corporate officer for assistance.

The matter was docketed before the Commission on March 14, 2002. On April 1, 2002, the Secretary filed a motion for a time extension to file her complaint in order to allow OSHA personnel to pursue settlement with Harms Construction. Three weeks later, on April 23, 2002, instead of filing a complaint, the Secretary filed a motion to dismiss the proffered notice of contest as untimely. Harms Construction cross-moved for excusal of its tardy notice of contest. It alleged, among other things, that service was improper, that it was entitled to relief under Fed. R. Civ. P. 60(b)(1) or equitable tolling, and that the Secretary had waived the right to challenge the timeliness of Harms Construction's notice of contest. On October 9, 2002, an Administrative Law Judge conducted hearings in connection with the Secretary's dismissal motion. At the hearing, OSHA Assistant Area Director Kaplan and Harms Construction President Nyland testified.

3

Harms Construction did not call Pelsang to testify.

On February 3, 2003, the ALJ filed his decision and order granting the Secretary's dismissal motion. *See Sec'y of Labor v. George Harms Constr. Co.*, No. 02-0371, 2003 OSAHRC LEXIS 19 (OSAHRC Feb. 3, 2003). Without Pelsang's testimony, the ALJ held that Harms Construction could not demonstrate excusable neglect. *Id.* at *5-6. He also determined that service was proper, that the Secretary's seeking of an extension to file her complaint to explore settlement did not constitute a waiver of her right to seek dismissal, and that Fed. R. Civ. P. 60(b)(6) should not apply. *Id.* at *7-10. Harms Construction's petition for discretionary review to the Commission, dated February 18, 2003, was not granted, and the ALJ's decision became the final order of the Commission.

Harms Construction appeals to vacate the Commission's order and remand for a hearing on the merits of the underlying citations. Harms Construction argues that it is entitled to the relief of "excusable neglect" under Fed. R. Civ. P. 60(b)(1), that service was improper, that the Secretary waived its challenge to the untimely notice of contest, that equitable tolling is warranted, and that relief should be granted under Fed. R. Civ. P. 60(b)(6). Not only does the Secretary dispute those claims, she also contends that section 10(a) of the Act, 29 U.S.C. § 659(a), precludes the Commission from considering the Fed. R. Civ. P. 60(b)(1) "excusable neglect" standard when a notice of contest is untimely filed.[4]

## III.

### A. The Commission's Authority to Consider Relief under Fed. R. Civ. P. 60(b)(1).

Under section 10(a), if an employer fails to timely contest a citation within 15 working days, "the citation and the assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency." 29 U.S.C. § 659(a). But section 12(g) of the Act provides that the "Commission is authorized to make such rules as are necessary for the orderly transaction of its proceedings. Unless the Commission has adopted a different rule, its proceedings shall be in accordance with the Federal Rules of Civil Procedure." 29 U.S.C. § 661(g). Fed. R. Civ. P. 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the

---

[4]The Commission had jurisdiction under 29 U.S.C. § 659. We have appellate jurisdiction under 29 U.S.C. § 660.

The Commission's factual findings must be affirmed if supported by substantial evidence on the record as a whole. *Reich v. D.M. Sabia Co.*, 90 F.3d 854, 856 (3d Cir. 1996). Its adjudications are to be affirmed unless they are arbitrary, capricious, an abuse of discretion, or contrary to law. *Id.* (citing 5 U.S.C. § 706(2)(A)).

4

following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." *Id.*

Harms Construction contends the Commission should have found it was entitled to relief under the "excusable neglect" standard. The Secretary maintains that under section 10(a), citations that are not timely contested are "not subject to review by any court or agency," which precludes the Commission from applying Fed. R. Civ. P. 60(b)(1).

The Secretary acknowledges that her contention conflicts with *J.I. Hass Co. v. OSHRC*, 648 F.2d 190 (3d Cir. 1981), in which we set aside a Commission order dismissing a late notice of contest and directed the Commission to consider whether the employer was entitled to relief under Fed. R. Civ. P. 60(b). *Id.* at 195. After examining Fed. R. Civ. P. 60(b)'s general applicability to Commission proceedings, we held Rule 60(b) authorizes the Commission to reconsider its final orders. *Id.* at 192-94. Although the Secretary contended that "since the notice of contest was not timely filed, the Commission never had jurisdiction in the first place," we held the Commission must have had jurisdiction at some point or "the citations would be final orders of a Commission which never had jurisdiction, and thus would have no effect." *Id.* at 193.

Reconciling the apparent conflict between section 10(a) and section 12(g) to reach the result Congress most likely intended, we reasoned that if section 10(a) were interpreted the way the Secretary

desired, no circumstances would ever permit a late notice of contest. *Id.* at 194. We did "not believe Congress intended such a harsh result." *Id.* For those reasons, we held the Commission had jurisdiction to entertain a late notice of contest under Fed. R. Civ. P. 60(b). *Id.* at 195.

The Secretary urges us to reevaluate and overrule *Hass*, claiming that intervening legal developments have weakened its "'conceptual underpinnings.'" *United States v. Adams*, 252 F.3d 276, 286 (3d Cir. 2001) (quoting *Patterson v. McLean Credit Union*, 491 U.S. 164, 173 (1989)). The Secretary urges judicial deference to the reasonable interpretations of the federal agency charged with implementing an ambiguous provision of a statute, in this case the Secretary of Labor. *See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984). Since *Hass* was decided, the Secretary notes, the Supreme Court has held that the Secretary, as opposed to the Commission, is charged with overall responsibility for administering the Act, and when their interpretations diverge, deference is due to the Secretary's reasonable interpretation. *Martin v. OSHRC (CF&I Steel Corp.)*, 499 U.S. 144, 156-58 (1991). The ambiguity cited by the Secretary is the conflict between section 10(a) and section 12(g) of the Act.

We recognize that we may reevaluate a precedent in light of intervening authority even without en banc consideration. *See United States v. Adams*,

5

252 F.3d at 286 ("[A]lthough a panel of this court is bound by, and lacks authority to overrule, a published decision of a prior panel, a panel may reevaluate a precedent in light of intervening authority.") (internal quotations omitted). At issue is whether intervening authority warrants reevaluation of the matters resolved in *Hass* or even reconsideration by en banc review.

Despite the Secretary's assertion, its interpretation of the Act is not entitled to *Chevron* deference. An agency interpretation "qualifies for *Chevron* deference when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority." *United States v. Mead Corp.*, 533 U.S. 218, 226-27 (2001). Otherwise, an agency's interpretation may merit the more limited deference recognized in *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). *See Mead*, 533 U.S. at 234-35 (recognizing that "reasonable agency interpretations carry at least some added persuasive force where *Chevron* is inapplicable") (internal quotations omitted); *see also Madison v. Res. for Human Dev., Inc.*, 233 F.3d 175, 186 (3d Cir. 2000) ("[I]nformal agency interpretations are not binding" but are entitled to respect under *Skidmore* deference to the extent they are persuasive.). The Secretary's interpretation of section 10(a) was not developed in the course of a regulatory action. Rather, its interpretation represents a position taken in the course of litigation.

This is not a situation in which we owe deference to "the fruits of notice-and-comment rulemaking or formal adjudication." *Chao v. Russell P. Le Frois Builder, Inc.*, 291 F.3d 219, 227 (2d Cir. 2002). An informal interpretation that "lack[s] the force of law" does not warrant full *Chevron* deference. *See Christensen v. Harris County*, 529 U.S. 576, 587 (2000). Because *Chevron* deference need not be accorded to the Secretary's interpretation that section 10(a) precludes review by the Commission of an untimely notice of contest, the conceptual underpinnings of *Hass* have not been undermined.

Moreover, *Chevron* deference only applies to reasonable interpretations by the Secretary. *See Martin*, 499 U.S. at 158 ("[R]eviewing court should defer to the Secretary only if the Secretary's interpretation is *reasonable*.") (emphasis added). Although we made no explicit comment in *Hass*, it is at least arguable that we implicitly found the Secretary's Fed. R. Civ. P. 60(b)(1) position unreasonable. *See* 648 F.2d at 194 (disagreeing with the Secretary's interpretation of section 10(a) because we did not believe Congress intended the "harsh result" that once an employee signed for a citation, "no circumstances would permit a late notice of contest"). And an interpretation that is arguably unreasonable is not sufficiently persuasive to warrant *Skidmore* deference.

On appeal, the Secretary advances an alternative interpretation from that which it put forward in *Hass*—that section

10(a) acts as a statute of limitations that may be subject to equitable tolling "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, . . . has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (footnote omitted), or "in some extraordinary way has been prevented from asserting his or her rights." *Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000) (internal quotations omitted). This interpretation, the Secretary contends, ameliorates the undue "harsh" results that concerned the *Hass* court.

The Secretary's alternative interpretation does not warrant *Chevron* deference because it is an informal opinion. But neither is it persuasive under the more limited *Skidmore* deference. We discern no basis for the Secretary's contradictory position that the Commission lacks jurisdiction to consider relief under Fed. R. Civ. P. 60(b)(1) but has jurisdiction to consider equitable tolling. A tribunal cannot exercise an equitable remedy unless it first has jurisdiction. If the Commission is not barred by section 10(a) from applying equitable tolling, as the Secretary now asserts, then it also should not be barred from granting Fed. R. Civ. P. 60(b)(1) relief. As noted, section 10(a) provides that the citation "shall be deemed a final order of the Commission and not subject to review by any court or agency." It would seem to therefore bar both equitable tolling and excusable neglect or neither, but not one or the other. Accordingly, the Secretary's alternate interpretation does not compel overruling *Hass*. Moreover, equitable tolling requires deceit or some other extraordinary grounds for relief and is not equivalent to the Fed. R. Civ. P. 60(b)(1) excusable neglect standard.

We recognize that *Hass* is in conflict with a recent decision of the Court of Appeals for the Second Circuit, *Chao v. Russell P. Le Frois Builder, Inc.*, 291 F.3d 219 (2d Cir. 2002) (2-1 decision), in which the court concluded the Commission may not exercise jurisdiction based on Fed. R. Civ. P. 60(b)(1). *Id.* at 229. Like us, the court held the Secretary's interpretation was not entitled to *Chevron* deference. *Id.* at 228. But applying *Skidmore* deference, the court found persuasive the Secretary's position that the Commission lacks jurisdiction when an employer fails to file a timely notice of contest. *Id.* at 228-29. The court disagreed with our reasoning in *Hass* that "'uncontested citations become final orders of the Commission'" and that the Commission must have had jurisdiction at some point because "'if it never had jurisdiction, the citations would be final orders of a Commission which never had jurisdiction, and thus would have no effect.'" *Id.* at 229 (quoting *Hass*, 648 F.2d at 193). The court reasoned that when an employer misses a deadline, the citation does not "become" a final order of the Commission on the basis of which it can grant Fed. R. Civ. P. 60(b) relief; instead, under section 10(a), it is "deemed" to be a final order. *Id.* Accordingly, the

court rejected the proposition that the Commission has some residual authority over uncontested citations that may permit it to grant relief under Fed. R. Civ. P. 60(b)(1). *Id.* The dissent agreed with our holding in *Hass*, reasoning that "whether deemed or actual—an order of the Commission must be one that is within its jurisdiction and thus subject to reopening or reconsideration." *Id.* at 231 (Pooler, J., dissenting). The dissent concluded that though neither section 12(g) of the Act nor Fed. R. Civ. P. 60(b) gives the Commission jurisdiction, the Commission, nonetheless, "has inherent authority to reconsider or reopen its own deemed orders and Rule 60(b) provides the appropriate standard for acting on an application to reopen." *Id*. Notwithstanding *Le Frois*, we believe that *Hass* was correctly decided and has not been undermined by more recent decisions.

For these reasons, *Hass* is still binding and revision is unwarranted. Under *Hass*, section 10(a) is not a bar to Commission review, and it "has jurisdiction to entertain a late notice of contest under" the excusable neglect standard of Fed. R. Civ. P. 60(b)(1). 648 F.2d at 194-95.

B. The Merits of the Fed. R. Civ. P. 60(b)(1) Excusable Neglect Claim.

Harms Construction contends it is entitled to relief under Fed. R. Civ. P 60(b)(1)'s "excusable neglect" standard. Citing *Pioneer Investment Services v. Brunswisk Assoc.*, 507 U.S. 380 (1993),

Harms Construction argues the "excusable neglect" standard must be broadly construed. *See Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 361-62 (7th Cir. 1997) (acknowledging that "'excusable neglect' has a new and broader meaning in the aftermath of the [*Pioneer*] decision"). Although *Pioneer* involved a Bankruptcy Rule, subsequent courts have held that *Pioneer*'s interpretation of excusable neglect extends to other federal procedural rules including Fed. R. Civ. P. 60(b)(1). *See Robb*, 122 F.3d at 362 n.6 (noting that some courts have held it to be an abuse of discretion to not grant relief under Fed. R. Civ. P. 60(b)(1) in certain missed deadline situations "in light of *Pioneer*"). *Pioneer*'s broad construction of the excusable neglect standard applies here as well.

Under *Pioneer*, the determination whether a party's neglect is "'excusable' is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file." *Chemetron Corp. v. Jones*, 72 F.3d 341, 349 (3d Cir. 1995) (citing *Pioneer*, 507 U.S. at 395). The Supreme Court identified, without limitation, these factors to consider: "the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

Harms Construction alleges the ALJ erred by weighing too heavily the "control" factor at the expense of other

8

relevant *Pioneer* factors. We agree. The ALJ properly recognized that the factors of prejudice and good faith weighed in favor of Harms Construction, *see George Harms Constr. Co.*, 2003 OSAHRC LEXIS 19, at *4 (holding that "Nyland acted quickly and in good faith promptly upon discovering the fact of the citation" and that "because the Secretary proceeded to litigate the matter by serving a motion to extend her time to file her complaint, . . . the late [notice of contest] caused her no prejudice"), and there is no evidence that the delay caused an adverse effect on efficient judicial administration. But the ALJ, relying on *CalHar Constr. Inc.*, No. 98-0367, 2000 OSAHRC LEXIS 28 (OSAHRC April 27, 2000), noted that "the Commission considers a key factor to be whether the delay was within the reasonable control of the employer," and concluded that "[i]t is on this issue that [Harms Construction's] proof falls short" because Pelsang, the Harms Construction employee who signed for the citations and was most familiar with Harms Construction's mailing procedures, failed to testify. *Id.* *5-6. Without Pelsang's testimony, the ALJ held he could not make a determination that the failure to file a timely notice of contest was not within the company's control. *Id.* at *6.

The ALJ's "excusable neglect" calculus was improper. Under *Pioneer*, a court must take into account all relevant circumstances surrounding a party's failure to file, and failing to disprove "reasonable control" is not necessarily fatal to a petitioner's request for relief. To state it differently, the "control" factor does not necessarily trump all the other relevant factors. As the Supreme Court concluded in *Pioneer*: "[T]he lack of any prejudice to the [opposing party] or to the interests of efficient judicial administration, combined with the good faith of respondents and their counsel, weigh strongly in favor of permitting the tardy claim." 507 U.S. at 398. As the Commission has recognized, in Fed. R. Civ. P. 60(b)(1) late filing cases, it is usually a given that there is "a lack of prejudice to the Secretary or to the interests of efficient judicial administration, combined with a lack of bad faith by the employer." *CalHar Constr. Inc.*, No. 98-0367, 2000 OSAHRC LEXIS 28, *6 n.5. But just because those factors may nearly always favor the petitioner does not mean that the Commission should ignore them.

Moreover, even when assessing the "control" factor, we do not believe that it weighs against Harms Construction here. The ALJ concluded that without Pelsang's testimony, he could not determine whether Harms Construction's failure to file a timely notice of contest was within the company's control. *George Harms Constr. Co.*, 2003 OSAHRC LEXIS 19, at *6. At the hearing, Nyland testified that Pelsang told him she had no memory of the citations and would have nothing to add. The ALJ found Nyland to be a credible witness, but held his testimony only established that Pelsang made the statement to Nyland; "it does not prove . . . that she in fact, could not recall accepting the citation." *Id.* at n.4.

9

At the hearing, the Secretary did not object to Nyland's testimony as inadmissible hearsay. In an administrative hearing, "'[w]hen [hearsay evidence] is admitted without objection it is to be considered and given its natural probative effect as if it were in law admissible.'" *E & R Erectors v. Sec'y of Labor*, 107 F.3d 157, 161 (3d Cir. 1997) (quoting *Diaz v. United States*, 223 U.S. 442, 450 (1912)). Had the Secretary objected, Harms Construction apparently would have produced Pelsang to testify directly. There is no reason to infer that Pelsang's testimony would have been adverse to Harms Construction. Because of Pelsang's lack of memory attributable to the passage of time and volume of mail she administers, Harms Construction reasonably believed she could add nothing of value to the hearing.

Nyland's testimony of Harms Construction's otherwise reliable mail-handling procedures demonstrates the loss of the citations was an unforeseeable human error beyond its reasonable control. According to Nyland, Pelsang had been responsible for delivering the mail for six years. In that period, Nyland had never failed to receive any mail. Accordingly, the control factor does not weigh against Harms Construction. Because the *Pioneer* factors of good faith, prejudice, efficient judicial administration, and control all weigh in favor of Harms Construction, it has sufficiently shown "excusable neglect"

and is entitled to relief under Fed. R. Civ. P. 60(b)(1).[5]

## IV.

For the foregoing reasons, we will vacate the Commission's final order and remand for a hearing on the merits of the subject OSHA citations.

---

[5]In addition to its Fed. R. Civ. P. 60(b)(1) excusable neglect claim, Harms Construction also contends that service of the citations was improper; it is entitled to equitable tolling; the Secretary waived the right to challenge the timeliness of the notice of contest; and that it is entitled to relief under Fed. R. Civ. P. 60(b)(6). Because Harms Construction is entitled to relief under Fed. R. Civ. P. 60(b)(1), we do not reach the merits of these alternative claims.

10